Ormand N. Gale, J.
On October 28, 1966, a search warrant was issued out of the Criminal Court of the City of New York. The area to be searched was “ the person of Milton Kellog”, and “ 130 Luddington Street, Syracuse, New York, and Long Point Road, Brewerton, New York, with garages associated with *561 the said premises ”. A search pursuant to this warrant was conducted at the Long Point Road in the Town of Cicero, County of Onondaga. Certain goods were seized, and thereafter a return made to the issuing Magistrate. (Code Crim. Pro., § 805.)
Based upon the evidence seized, an information was laid with the Justice of the Peace of the Town of Cicero, New York, charging the defendant with possession of hypodermic needles and hypodermic syringes in violation of section 1747-e of the Penal Law.
Subsequently a motion was made before the Justice of the Peace acting as a Court of Special Sessions (Op. Atty. Gen. 45 N. Y. St. Dept. Rep. 601; 1932 Atty. Gen. 142; People v. Lord, 142 Misc. 740.) for the return of the property seized and the suppression of its use as evidence. In arguing this motion the then attorney for the defendant, William F. Lynn, Esq., explained his position to the court in the following language: “ Mr. Lynn: Very briefly, Judge, this is a motion brought on by myself representing Milton Kellog to suppress the use as evidence of certain things and properties taken from the premises at 130 Luddington Street, Syracuse, and also premises at Long Point Road, Brewerton, New York.” (Emphasis supplied.)
This is an appeal by the People from an order of the Justice of the Peace which granted the defendant’s motion to suppress and return the evidence under the search warrant.
The People argued, among other things, that the Justice of the Peace did not have jurisdiction to hear the motion.
Section 813-e of the Code of Criminal Procedure provides as follows in part: “When an indictment, information or complaint upon which the defendant may be tried for a crime or offense has been filed in court, or after the defendant has been held by a magistrate to answer a charge in another court, the motion shall be made in the court having trial jurisdiction of such indictment, information, complaint or charge.”
The opening remarks of attorney Lynn quoted above, leave no doubt that the making of the motion before Justice DeVaul was to suppress evidence. The Justice of the Peace had no authority to order the suppression of evidence. (People v. Gatti, 16 N Y 2d 251.) At the time the motion was argued an information had already been laid by the State Police charging the defendant with a violation of subdivision 3 of section 1747-e of the Penal Law. The immediate question is whether or not the Justice had jurisdiction of the crime charged. If he had no jurisdiction, the entire proceedings with regard to the suppression of evidence were a nullity.
*562 The statute provides that there are only two classes of courts which may determine a motion for the return of property and the suppression of its use in evidence:
(a) A court having trial jurisdiction over the charges against the defendant.
(b) A Supreme or County Court not having such trial jurisdiction, in which the defendant is held to answer and before an indictment, information or complaint against the defendant is lodged in a court having trial jurisdiction over such charges.
Again a portion of section 813-e of the Code of Criminal Procedure provides as follows: “If the motion is made in one of such courts before such an indictment, information or complaint is filed or before a magistrate has held the defendant to answer, and if, before determination of the motion, an indictment, information or complaint is filed in a different court, or the moving party is held by a magistrate to answer in a different court, the court before which the motion has been made shall not determine the motion but shall refer it to the court of trial jurisdiction. If, however, the motion has been determined at the time of the filing of the charge in a different court or at the time of the holding by the magistrate to answer in a different court, such determination shall be binding upon the court of trial jurisdiction, except that another motion may be made during trial pursuant to the provisions of section eight hundred thirteen-d.”
Referring to (a) let us consider first whether the Justice of the Peace Court of the Town of Cicero had trial jurisdiction over the charges filed in his court. It is the determination of this court that a Justice of the Peace does not have trial jurisdiction over possession of hypodermic needles and hypodermic syringes in violation of subdivision 3 of section 1747-e of the Penal Law.
Subdivision 4 of section 1747-e provides with reference to the charges: “ A violation of any provision of this section shall constitute a misdemeanor.” Section 1937 of the Penal Law provides: “A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hudred dollars, or by both.”
Section 17 of article VI of the New York Constitution provides that Courts of Special Sessions shall have “the jurisdiction prescribed by the legislature ”. (People v. Mittleman, 150 Misc. 394.) Courts of Special Sessions have no power or general *563 authority except as expressly conferred by statute. (People v. McLaughlin, 57 App. Div. 454.) Courts of Special Sessions have exclusive jurisdiction to hear and determine only those misdemeanors specified in subdivisions 1 to 35 of section 56, or in special statutes authorized by subdivision 37 of section 56 of the Code of Criminal Procedure. These subdivisions do not include a violation of subdivision 3 of section 1747-e. Subdivision 38 of section 56 of the Code of Criminal Procedure gives the defendant the right to be charged for other misdemeanors if he so desires, ‘ ‘ But this subdivision shall not apply to any misdemeanor which is or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months.” Since subdivision 3 of section 1747-e of the Penal Law is not one of those violations enumerated in the subdivisions of section 56, but is specifically a misdemeanor punishable by imprisonment for not more than one year or by a fine of not more than $500, or by both, it does not come within the purview of subdivision 38.
Under the circumstances of the instant case the defendant can only be held to answer to a court having authority to inquire by the intervention of a Grand Jury into offenses triable in the county. (People v. Kischel, 276 N. Y. 116.) Clearly, then, the Justices’ of the Peace Court was without trial jurisdiction to hear the charges referred to.
The charges contained in the information filed in Justices’ Court were subsequently made the basis for an indictment returned by the Grand Jury of this county. This court, by a companion memorandum, decided simultaneously herewith, has denied the defendant’s motion to dismiss this indictment. As indicated above, this court has jurisdiction of such indictment and of any pertinent motions pertaining thereto.
The order appealed from is dismissed for lack of jurisdiction.