The People of the State of New York, Appellant, *v.* Gary Edwin Niven, Respondent.

Fourth Department, November 5, 1970.

*Michael F. Dillon, District Attorney (M. Dolores Denman* of counsel), for appellant.

*Willard H. Myers, III,* for respondent.

*Per Curiam.* On this appeal by the People from an order granting defendant's motion to suppress evidence we are called upon to determine whether a City Court Judge has jurisdiction to issue a search warrant for property located outside the city limits when not related to any crime committed within the city.

On May 6, 1969 defendant was arrested at the Buffalo International Airport after a suitcase which he had claimed was searched pursuant to a search warrant issued by a Judge of the City Court of Buffalo directed to any peace officer of Erie County. The search of the suitcase disclosed the presence of a quantity of marijuana and other articles which were seized. Defendant was thereafter indicted for criminal possession of a dangerous drug.

It is conceded that the Buffalo International Airport is located in Erie County, outside the city limits of the City of Buffalo. The affidavit annexed to the warrant, which was relied on by the Judge in issuing it, contains no allegation that a crime had been committed within the city limits.

Section 2001 of the Uniform City Court Act provides: "Each of the judges of the court may sit as a court of special sessions, and as such shall have original jurisdiction of all misdemeanors committed at any place within the city ". This is the only statu-

tory provision which confers criminal jurisdiction on a Judge of the City Court.

Section 2005 provides: '' The judges of the court shall have the power and jurisdiction to send processes and other mandates *in any matter of which they have jurisdiction* into any part of the county or any adjoining county ''. (Emphasis supplied.) This section grants the City Court power and jurisdiction to issue certain processes and mandates but has application only when the City Court has jurisdiction of the matter. It does not enlarge jurisdiction otherwise conferred.

Absent any other statutory provision, we conclude that a City Court Judge has limited jurisdiction and has no authority to issue a search warrant to be executed outside the city unless it appears that a crime has been committed within the city limits and the property to be seized is connected with the crime.

The People argue that, since the Uniform City Court Act does not specifically include search warrants, reference must be had to the provisions of the Code of Criminal Procedure relating to these mandates. Section 791 provides that a search warrant is an order by a Judge, Justice or Magistrate of a court of criminal jurisdiction. Section 796 provides that if the Judge, Justice or Magistrate be satisfied of the existence of sufficient grounds for granting the application and there is probable cause therefor, he must issue a search warrant to any peace officer in his county. It is on the basis of these sections that the People ask for a reversal of the order. We find no indication in the statutory scheme governing search warrants that these sections are intended to extend or enlarge the original limited jurisdiction of the City Court beyond that expressly conferred by the Uniform City Court Act. Section 796 merely deals with the circumstances in which a warrant may be issued and the mechanics of its issuance; it has no relevance to the question of the City Court's jurisdiction.

We agree with the County Court Judge that '' The Judge of the Buffalo City Court did not have authority to issue this warrant for evidence outside of the city limits and relating to a crime which occurred wholly outside the city limits, as opposed to a situation where a warrant is issued to search for evidence of a crime committed within the city but which evidence is located outside the city and within the court's mandate jurisdiction under section 2005 of the Uniform City Court Act.'' (60 Misc 2d 1003, 1004–1005.)

We have examined *People* v. *DeMaria* (58 Misc 2d 500), *People* v. *Law* (55 Misc 2d 1075) and *People* v. *Kellog* (53 Misc

2d 560) relied on by the People. They are readily distinguishable and we do not consider them as authorities for denying the motion to suppress.

The order appealed from should be affirmed.

DEL VECCHIO, J. P., WITMER, GABRIELLI, MOULE and BASTOW, JJ., concur.

Order unanimously affirmed.