T~HE~ P~EOPLE~ OF THE S~TATE~ OF N~EW~ Y~ORK~, Appellant, *v.* C~HARLES~ J~OHNSON~, Respondent.

First Department, May 21, 1974.

*Mario Merola, District Attorney (Jared J. Scharf* of counsel), for appellant.

*Charles H. Goldstein* for respondent.

LUPIANO, J. On September 27, 1972, a search warrant was issued by a Judge of the District Court, Suffolk County, based upon an affidavit of a detective of the Suffolk County Police Department who alleged that he was advised by a reliable, confidential informant that the proceeds of a September 21, 1972 robbery of a *local* (i.e., Suffolk County) jewelry store were located at defendant's apartment in Bronx County. The legal sufficiency of the allegations upon which the warrant was issued has not been challenged at any stage of this proceeding. The warrant designated as the object of the search the following property: "Stolen property in violation of Section 165.50 Criminal possession of stolen property in the first degree and in violation of Section 165.45, Criminal possession of stolen property in the second degree of the New York State Penal Law". Execution of the warrant on September 28, 1972, by the Suffolk County Police Department at defendant's Bronx apartment, resulted in seizure of a large quantity of jewelry and the arrest of defendant on the charge of criminal possession. On October 31, 1972, this charge was dismissed by the Suffolk County District Court on the People's representation that there was no evidence that the defendant was involved in the *theft* and the crime charged, to wit, possession of stolen property, having occurred in The Bronx, a jurisdictional impediment existed warranting dismissal. Subsequently, on December 19, 1972, defendant was indicted by the Bronx County Grand Jury and charged with the crime of criminal possession of stolen property in the first degree. Defendant moved on January 18, 1973 to suppress the evidence seized from his apartment under the above-mentioned search warrant on the ground that the warrant was unlawful and, therefore, void. Specifically, defendant argued that inasmuch as the Suffolk County District Court had no jurisdiction to prosecute a crime committed within Bronx County, that court had no jurisdiction in the first instance to issue a search warrant. The motion to suppress was granted and the People appealed.

Section 2005 of the Uniform District Court Act provides: "The judges of the court shall have the power and jurisdiction to send processes and other mandates in any matter *in which they have jurisdiction* into any county of the state, for service or execution, as provided by the criminal procedure law". (Emphasis supplied.) A search warrant issued by a District Court may be executed pursuant to its terms anywhere in the State (CPL 690.20 [subd. 1]). The application and affidavit for the search warrant clearly delineate reasonable cause to

believe that the personal property sought to be seized was stolen *and* was unlawfully possessed. Reasonable cause to believe that the property is stolen *or* that it is unlawfully possessed, serves as a predicate for seizure pursuant to a search warrant (CPL 690.10). The fact that unlawful possession is enumerated, as tending to prove the crime of criminal possession of stolen property, does not detract from the specific allegations of the affiant establishing reasonable cause to believe that the personal property was stolen from a jewelry store *in* Suffolk County. There is no requirement that the application for the search warrant or the search warrant itself specify the crime or crimes sought to be charged (see CPL 690.35; 690.45). The criterion is specificity of place and person and things to be seized and in respect of the latter, reasonable cause to believe that such things meet one of the requirements of CPL 690.10. Accordingly, it must be concluded that the search warrant was valid in its inception.

Having been validly issued, the mere fact that as a consequence of the execution of the warrant, evidence of an alleged crime in Bronx County was uncovered, does not vitiate the warrant. Property seized pursuant to a valid search warrant may be delivered by the court having custody thereof to another court wherein a criminal action involving or relating to such property is pending. (CPL 690.55.)

The order of the Supreme Court, Bronx County (DROHAN, J.), entered December 10, 1973, granting defendant's motion to suppress should be reversed on the law and defendant's motion to suppress denied.

STEUER, J. (dissenting). The facts are fairly stated in the majority opinion. CPL 690.10 deals with what property is subject to seizure under a search warrant. While the object or purpose of the warrant is not specifically stated, it is clear that either of two purposes will justify (other factors being present) the issuance. Those purposes are (1) to put the court in possession of the property so that it may be disposed of as the law directs, or (2) to obtain evidence to be used in a criminal prosecution. While nothing in the statute mandates that the warrant specify either the acts or the nature of the crime as to which evidence is sought, it is patent that unless there is some prosecution in contemplation or the proceeds of some crime being sought to be placed in court custody, there is no authority for the issuance of a warrant. It would also follow that, unless the court which issued the warrant had territorial jurisdiction either to recover the property or to conduct the prosecution in which

the property was to be used as evidence, the warrant was not properly issued.

The warrant in question was issued by the District Court for the County of Suffolk. The warrant purports to describe the property as follows: "Stolen property in violation of Section 165.50, Criminal possession of stolen property in the first degree and in violation of Section 165.45, Criminal possession of stolen property in the second degree, of the New York State Penal Law." Patently this is not a description of the property but is a statement of in what manner the possession of the property by Charles and K. Johnson (the persons whose premises are to be searched) is unlawful, and makes it subject to seizure. No point was made in the court below or before us that the warrant does not contain a description of the property, and we do not find it void for any such defect. Rather, the point is made that the above-quoted statement reveals the purpose for which the warrant was issued, namely, in a contemplated prosecution for criminal possession of stolen property by the named Charles and K. Johnson. Clearly that crime was not perpetrated in Suffolk County, as the District Court there held, but did have its situs in Bronx County, where the Johnsons were subsequently indicted. The question therefore arises, did the District Court of Suffolk County have jurisdiction to issue a warrant to obtain evidence of a crime committed outside its jurisdictional limits.

The jurisdiction of the District Court of Suffolk County is governed by the Uniform District Court Act. Section 2005 of that act provides that: "The judges of the court shall have the power and jurisdiction to send processes and other mandates in any matter of which they have jurisdiction into any county of the state, for service or execution * * * as provided by the criminal procedure law". It is beyond dispute that the prosecution for criminal possession of the goods sought by the warrant was not a matter of which the District Court of Suffolk County had jurisdiction. It could not issue process in connection with it.

The penultimate paragraph of the majority opinion begs the question. It argues that the mere fact that the execution of a warrant validly issued reveals another crime does not invalidate it. Granted. However, here the execution of the warrant did not *reveal* the crime of unlawful possession—that was the crime which, on reasonable grounds, was believed to have been committed, and which purported to justify the issuance of the warrant. Nowhere on the face of the warrant or the supporting affidavit is there any indication that the property was being

sought for use in the prosecution of the original burglary, or for any purpose other than prosecution for criminal possession.

We would agree that had the warrant been lawfully issued and the property seized in its execution returned to the District Court, that court could properly then turn the property over to the Bronx authorities for use in any prosecution in which the property was material. But lacking original validity, that power does not validate the warrant.

The order below should be affirmed.

MARKEWICH, J. P., and LANE, J., concur with LUPIANO, J.; STEUER, J., dissents in an opinion in which MURPHY, J., concurs.

Order, Supreme Court, Bronx County, entered on December 10, 1973, reversed, on the law, and defendant's motion to suppress denied.