■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GARY FISHMAN, Appellant.—Appeal from a judgment of the County Court, Albany County, rendered July 3, 1974, convicting defendant, upon a plea of guilty, of the crime of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd 7). Defendant's assertions as to the unconstitutionality of the statutes under which he was sentenced as being violative of the Eighth Amendment of the United States Constitution have previously been rejected by this court *(People v Venable,* 46 AD2d 73; see also *People v Broadie,* 45 AD2d 649), and we find no basis advanced which requires us to reconsider our previous decision. Defendant also urges that the search warrant upon which the inculpatory evidence was seized was jurisdictionally invalid in that it was issued by a Police Justice of the City of

Albany to search the defendant's premises located within the Town of Colonie. We cannot agree with this contention. While it is true that the application for the warrant does not itself expressly state that any alleged crimes had been purportedly committed within the City of Albany, the issuing magistrate could reasonably believe that the crimes referred to therein took place within the City of Albany and, thus, that he had clear jurisdiction to issue the warrant (CPL 20.40, compare *People v Niven,* 35 AD2d 174, affd 29 NY2d 947). He had before him two members of the Albany Police Department requesting a warrant in order to obtain evidence of crimes· uncovered, from all appearances, in the regular course of their duties. Thus, he surely had reasonable grounds to find that the jurisdictional predicate existed for the issuance of the search warrant. Moreover, this is confirmed by Indictment Number 10 eventually returned against the defendant alleging the sale of a controlled substance within the Albany city limits. Furthermore, on the question of the jurisdiction of the Police Justice of the City of Albany to issue a search warrant for search of person or premises located in the Town of Colonie, outside the geographical limits of the City of Albany, we are of the view that statutory authority can be found for such action. In an entirely new section not found in the prior Code of Criminal Procedure, CPL 690.20 (subd 2) providing for the *execution* of a search warrant, states: "2. A search warrant issued by a city court, a town court or a village court may be executed pursuant to its terms only in the county of issuance or an adjoining county." We would equate the authority of a court to direct the execution of its process with the authority to issue process involving matters within its constitutional jurisdictional limitations (N Y Const, art VI, § 1, subd c). This power is, of course, entirely separate from the courts' *trial jurisdiction* which is otherwise limited (cf. *People v Johnson,* 44 AD2d 451). *People v Niven* (35 AD2d 174, affd 29 NY2d 947), holding to the contrary, was decided under prior law and, thus, in our view, is not applicable. Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.