**Leon G. COATES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13304.**

District of Columbia Court of Appeals.

Submitted May 17, 1979.

Decided June 13, 1979.

———

Thomas W. Farquhar, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George, Joseph F. McSorley and John H. E. Bayly, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and KERN and GALLAGHER, Associate Judges.

PER CURIAM:

After a nonjury trial, appellant was found guilty of (a) receiving stolen property, and (b) possession of heroin. The only issue on appeal is whether the search warrant in this case issued by a Superior Court judge while physically in Maryland[1] and later executed in the District of Columbia was valid.

Essentially, appellant contends a trial judge of the Superior Court has no authority to act in this manner outside the territorial limits of the jurisdiction in which he was appointed to serve. Appellant says, correctly, that this court has not previously decided the question.

This issue was raised in the trial court and disposed of in a comprehensive Memorandum Opinion and Order by Judge Ugast (106 Wash.D.L.Rptr. (Feb. 17, 1978)). We agree with the trial judge's reasoning in disposing of the question. We adopt that opinion and append it.[2]

The United States Court of Appeals for this circuit had occasion to review much the same issue and reached the same result. *United States v. Strother,* 188 U.S.App.D.C. 155, 578 F.2d 397 (1978). In doing so, it noted its full agreement with the decision rendered in this case by Judge Ugast. *Id.* at 159, 578 F.2d at 401.

We conclude the search warrant in this case was valid and the convictions are accordingly affirmed.

*So ordered.*

1. The trial judge who administered the oath to the officer and issued the warrant was the judge then currently on Emergency Assignment.

2. See Appendix, attached.

APPENDIX

SUPERIOR COURT OF THE

DISTRICT OF COLUMBIA

CRIMINAL DIVISION

Criminal No. 52181–77

UNITED STATES OF AMERICA

v.

LEON COATES

OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Suppress one tinfoil of heroin seized pursuant to a search warrant. It is the validity of that search warrant which is at issue here. The facts are not in dispute:

On Saturday, June 18, 1977, Detective John Dawley of the Metropolitan Police Narcotics Squad attempted to obtain a search warrant for Defendant's car and person from the Saturday arraignment judge. Finding that that judge had completed his duties for the morning, Officer Dawley contacted the emergency judge, William E. Stewart, at the Congressional Country Club in Montgomery County, Maryland. After a telephone conversation with him, Officer Dawley drove to the club where Judge Stewart reviewed the warrant and affidavit, administered the oath, and signed the warrant and affidavit. The warrant was executed the same day in Washington, D. C. by Officer Dawley and the tinfoil of heroin was seized.

The narrow question at issue is whether a judge of the Superior Court of the District of Columbia is required to be physically present within the District of Columbia at the time of taking the affiant's oath and signing the affidavit and search warrant, where the warrant is to be executed within the District of Columbia. We decide on the facts presented here that the judge's physi-

cal presence within the District was not necessary to validate the search warrant.

We have found nothing in the statutes or the case law which so limits a judge's power to authorize a search warrant as long as execution occurs in the jurisdiction in which the judge is empowered to act. 11 D.C. Code Section 941 simply states that "judges of the Superior Court may, at any time, . . . issue warrants for arrest, search or seizure . . . in connection with crimes and offenses committed within the District of Columbia . . .". Nothing in that or any section of the code commands the judge's physical presence within the District while issuing a warrant.

Rule 12–I(c) of the Superior Court Rules of Civil Procedure seems to anticipate that a judge will occasionally have to attend to urgent court business, including the issuance of warrants, outside the territorial confines of the District of Columbia.[1] That section provides for a schedule of emergency judges to handle any motion requiring immediate judicial attention outside of normal business hours. It also directs that the chief judge "shall from time to time publish an order listing the names and residential addresses and telephone numbers of the judges on emergency assignment during the term of the order." We note that, at the time of the drafting of the rule, judges on the Superior Court were not required to reside within the boundaries of the District of Columbia. In view of a grandfather clause in the Self-Government and Governmental Reorganization Act[2] specifically exempting judges appointed prior to the effective date of the Act in 1975 from the new requirement that they live in the District of Columbia, many judges currently serving on the bench would continue to be available for emergency duty at their homes in the Maryland and Virginia suburbs.

---

1. Although the provision for emergency judges is contained in the Civil Rules, it is clear that those judges are to attend to warrants as well as other pressing civil and criminal matters. Note that section (b) of Rule 12–I lists "warrants and return of warrants" among the matters to be presented to the Judge in Chambers during normal work hours on week-days.

2. Pub.L. No. 93–198, 87 Stat. 824 (1973).

We have found nothing in the case law which would require Superior Court judges to enter the District of Columbia to review a warrant. The cases cited by the defendant are inapplicable here. In *Weinberg v. U. S.,* 126 F.2d 1004 (2d Cir. 1942), the Court held that a federal judge in Michigan exceeded his authority by issuing a search warrant to be executed in New York. Likewise in *Application of Houlihan,* 31 F.R.D. 145 (D.N.D.1962), it was held that a warrant issued by a county judge was valid only within the county to which he was appointed. In this case Judge Stewart would clearly have been acting within his authority to issue warrants had he been within the geographical borders of D. C.

We note in this regard that a number of federal cases have recognized the power of judges to perform some duties, which could have been conducted in chambers, outside their territorial jurisdictions. See *In Re American Home Furnishers' Corp.,* 296 F. 605 (4th Cir.), *cert. dismissed,* 266 U.S. 640, 45 S.Ct. 122, 69 L.Ed. 483 (1924), (order regarding sale of assets in bankruptcy); *United States v. Goldstein,* 271 F. 838 (8th Cir. 1921) (changing a previous decree); *Apgar v. United States,* 255 F. 16 (5th Cir.), *cert. denied,* 250 U.S. 642, 39 S.Ct. 492, 63 L.Ed. 1185 (1919) (order for jury panel).

These cases suggest that, in order to prevent delay and promote justice, a judge outside the geographical confines of his jurisdiction is empowered to take action at a nonadversary stage on matters coming within the purview of his authority in his own jurisdiction. The administration of an oath and the signing of a warrant involves an essentially ministerial function of the type most appropriately handled in chambers.

The interests of justice would not be served in any obvious way by demanding

that a judge on emergency duty at home or otherwise available in the metropolitan area journey to the District line to review a search warrant. Rather, the strong judicial policy favoring search warrants could be frustrated by such a requirement.[3]

On the basis of our local statute and the reasoning in the federal cases cited, and in furtherance of the congressional policy favoring the use of warrants, we conclude that a Superior Court judge is not required to be physically present within the District of Columbia at the time of administering the affiant's oath and signing the affidavit and search warrant, when the search warrant is to be executed in the District of Columbia. No view is expressed as to the authority of a Superior Court judge when outside of the geographical boundaries of the District of Columbia to perform other judicial functions.

Accordingly, it is this 12th day of January, 1978 *Ordered* that defendant's Motion to Suppress be, and the same hereby is, DENIED.

/s/ Fred B. Ugast
Judge

---

**3.** Congress recently sought to encourage the use of warrants by amending Rule 41 of the Federal Rules of Criminal Procedure to establish a new telephone application procedure for the issuance of warrants. Pub.L. No. 95–78, 91 Stat. 320 (effective October 1, 1977). Although Rule 41 as amended is not applicable to our local courts, the policy underlying the amend-

ment to the rule would appear to support our conclusion on the issuance of search warrants by a judge outside the District of Columbia.

We note that if a judge's power is limited by his physical location, it would follow that his availability for telephonic warrants would be similarly limited in frustration of congressional intent to increase the use of warrants.