■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS A. HERRARA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered July 13, 1984, convicting him of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that evidence seized from a brown Cutlass automobile parked in the lot of the Howard Johnson's motel on Sunnyside Boulevard, Nassau County, consisting of 21 kilograms of cocaine, two cardboard boxes, an empty beer can, and a wallet containing his driver's license and a car rental agreement, should have been suppressed because it was seized pursuant to a jurisdictionally defective warrant. He asserts in this regard that the application for the search warrant failed to allege sufficient facts to establish that the First District Court of Suffolk County had jurisdiction to issue the warrant. We reject defendant's claim. While the application for the warrant does not expressly state that any crimes had been committed in Suffolk County, the issuing magistrate could reasonably have believed that the crimes referred to therein took place within Suffolk County and, thus, that he had jurisdiction to issue the warrant in view of the fact that he had before him a detective from the Suffolk County Police Department and an Assistant District Attorney from the

Suffolk County District Attorney's office, requesting a warrant to obtain evidence of crimes uncovered, from all appearances, in the regular course of their duties (see, CPL 20.40; UDCA 2005; *People v Fishman,* 48 AD2d 726, *affd* 40 NY2d 858; *People v Johnson,* 44 AD2d 451, *affd* 36 NY2d 864; *cf. People v Hickey,* 40 NY2d 761; *People v Garrow,* 91 AD2d 699). Moreover, the District Court's jurisdictional predicate to issue the warrant is confirmed by the indictment eventually returned against the defendant alleging criminal sale of a controlled substance and conspiracy within Suffolk County (see, *People v Fishman, supra*).

We also reject defendant's claim that his warrantless arrest in his hotel room and the seizure of the kilogram of cocaine found therein violated his constitutional rights. The trial court properly found that the warrantless arrest was justified due to exigent circumstances, and that the seizure of cocaine was justified either as a search incidental to the arrest or as contraband in open view of the police (see, *People v Mealer,* 57 NY2d 214, *cert denied* 460 US 1024; *People v Clements,* 37 NY2d 675, *cert denied sub nom. Metzger v New York,* 425 US 911; *People v Green,* 103 AD2d 362; *People v Lewis,* 94 AD2d 44). We have considered defendant's other claims and find that they are without merit. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.