[733 NYS2d 452]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GREGORY C. CHRYSLER, Appellant.

Second Department, November 13, 2001

8

### APPEARANCES OF COUNSEL

*Benjamin Ostrer & Associates, P. C.,* Chester (*Michael Meth* of counsel), for appellant.

*Francis D. Phillips, II, District Attorney* of Orange County, Goshen (*David R. Huey* of counsel), for respondent.

### OPINION OF THE COURT

O'BRIEN, J. P.

The issue presented on appeal is whether the City Court of Newburgh had jurisdiction to issue a warrant to search the defendant's premises in the Town of New Windsor where the underlying illegal drug activity described in the warrant application occurred in the Town of New Windsor. We conclude that the City Court had jurisdiction to issue the warrant, and affirm the judgment of conviction.

In August 1998, a police detective employed by the City of Newburgh applied to a Judge of the City Court of Newburgh for a warrant to search the defendant's premises in the Town of New Windsor. In his application for a search warrant, the detective stated that a confidential informant told him about "persons" in the City of Newburgh and the Town of New Windsor who were in the business of selling, supplying, and distributing marihuana and other controlled substances. Specifically, the informant told the detective that the defendant was in the business of selling and supplying marihuana and that he conducted this business from his apartment in the Town of New Windsor. Thereafter, the informant, while under surveillance, made a police-arranged purchase of an unspecified amount of marihuana from the defendant in the defendant's apartment in the Town of New Windsor. The informant told the detective that the defendant used two vehicles to store and transport "large amounts" of marihuana for sale and distribution. The detective learned that the two vehicles were registered to the defendant's wife.

The City Court Judge interviewed the informant in camera before issuing a warrant to search the defendant's premises

for, *inter alia,* marihuana, associated drug paraphernalia, and records of marihuana sales. The items recovered as a result of the search included four plastic bags of a "green vegetable substance" which tested positive for marihuana. The defendant made statements to the police in which he admitted possession of the marihuana, but denied selling it.

The defendant was indicted for criminal possession of marihuana in the second degree based on his possession of more than 16 ounces of the substance. In his omnibus motion before the County Court, the defendant, *inter alia,* sought to suppress the items recovered during the search of his premises and his statements to the police on the ground that the City Court lacked jurisdiction to issue the search warrant. He argued that the City Court, because it did not have geographical jurisdiction over offenses committed in the Town of New Windsor, could issue a warrant only if it had preliminary jurisdiction over the offense underlying the warrant. In order to establish that the City Court had preliminary jurisdiction over the underlying offense, the People were required to show that the offense constituted a felony. However, the warrant application failed to specify the amount of marihuana which the defendant allegedly possessed or sold to the informant. Therefore, the defendant argued, at best the underlying offense constituted a misdemeanor, and the City Court had no jurisdiction to issue the warrant.

The County Court upheld the warrant and denied those branches of the defendant's omnibus motion which were to suppress his statements to the police and the items recovered during the search. The County Court determined that the City Court would have preliminary jurisdiction to issue the search warrant if the underlying crime committed in the Town of New Windsor was a felony. It then concluded that the facts stated in the warrant application provided reasonable cause to believe that the underlying offense involved the possession of more than eight ounces of marihuana, which constituted the crime of criminal possession of marihuana in the third degree, a class E felony (*see*, Penal Law § 221.20). The defendant then pleaded guilty to criminal possession of marihuana in the second degree, and the County Court imposed a sentence of an indeterminate term of one to four years imprisonment.

Pursuant to UCCA 2001 (1), a city court shall have such jurisdiction of criminal matters as prescribed by the Criminal Procedure Law. The Criminal Procedure Law provides that a local criminal court, such as a city court, has trial jurisdiction

over nonfelony offenses committed within its boundaries (*see,* CPL 10.10 [3], [4]; 10.30 [1]), and preliminary jurisdiction over felonies (*see,* CPL 10.30 [2]). A local criminal court has preliminary jurisdiction over an offense "when, regardless of whether it has trial jurisdiction thereof, a criminal action for such offense may be commenced therein, and when such court may conduct proceedings with respect thereto which lead or may lead to prosecution and final disposition of the action in a court having trial jurisdiction thereof" (CPL 1.20 [25]).

UCCA 2005 provides that the Judges of the City Court "shall have the power and jurisdiction to send processes and other mandates in any matter of which they have jurisdiction into any part of the county or any adjoining county, for service or execution, as provided by the criminal procedure law" (*see also,* NY Const, art VI, § 1 [c]). CPL 690.35 (2) (a) provides that an application for a search warrant may be made to a local criminal court "having preliminary jurisdiction over the underlying offense, or geographical jurisdiction over the location to be searched." CPL 690.20 (2) provides that a "search warrant issued by a city court * * * may be executed pursuant to its terms only in the county of issuance or an adjoining county." Therefore, assuming that the City Court of Newburgh had either geographical or preliminary jurisdiction to issue the warrant, the warrant could be executed in the Town of New Windsor, which is in the same county (*see, People v Fishman,* 40 NY2d 858, *affg* 48 AD2d 726 [Police Justice of the City of Albany properly issued search warrant for premises in Town of Colonie]).

There is no dispute that the City Court of Newburgh did not have geographical jurisdiction over the location to be searched in the Town of New Windsor. The County Court based its decision on the premise that the City Court had preliminary jurisdiction to issue the warrant because the underlying offense committed in the Town of New Windsor was a felony. The People and the defendant also relied on this premise, but disagreed as to whether the facts in the warrant application established that the underlying offense involved the possession of a quantity of marihuana constituting a felony. A review of the relevant statutes, however, reveals that this premise is incorrect. A city court does not have preliminary jurisdiction to issue a search warrant for premises outside its territorial borders, where the underlying offense was also committed outside its borders, merely because that offense was a felony.

A determination of preliminary jurisdiction under CPL 690.35 (2) (a) requires reference to CPL 1.20 (25), which defines

preliminary jurisdiction, and CPL 100.55, which specifies the courts in which a criminal action may be commenced (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 690.35, at 449). Pursuant to CPL 1.20 (25), a city court's preliminary jurisdiction over felonies is limited to those for which a criminal action may be commenced in that court. A criminal action is commenced by the filing of an accusatory instrument (*see*, CPL 1.20 [17]). An accusatory instrument may be filed with a city court "when an offense charged therein was allegedly *committed in such city*" (CPL 100.55 [3] [emphasis added]).

The People's reliance on CPL 100.55 (6) was misplaced. Section 100.55 (6) provides that a "felony complaint may be filed with any town court or village court of a particular county when a felony charged therein was allegedly committed in some town of such county. Such court need not be that of the town or village in which such felony was allegedly committed." This section is not applicable to city courts, and there is no comparable provision in CPL 100.55 which gives a city court preliminary jurisdiction over a felony committed in any town in the county (*cf.*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 690.35, at 449 [CPL 100.55 (6) gives every town or village court within a county preliminary jurisdiction of a felony committed in any town in the county]). In addition, CPL 690.35 (2) (a) (i) permits a city court in the same county to issue a warrant if a town court having jurisdiction was not available to issue the warrant. Here, the People did not claim that the Town Court of New Windsor was unavailable to issue the warrant.

The City Court of Newburgh therefore does not have preliminary jurisdiction over every felony committed in the Town of New Windsor, and the warrant cannot be upheld on that basis. It is, therefore, unnecessary to determine whether the facts in the warrant application provided reasonable cause to believe that a quantity of marihuana in excess of eight ounces, constituting a felony possession offense, would be found on the defendant's premises. Nevertheless, the defendant's suppression motion was properly denied, as the record provides an alternative basis for finding that the City Court of Newburgh had jurisdiction to issue the search warrant.

The City Court of Newburgh may issue a search warrant if it has preliminary jurisdiction over the underlying offense, which in turn depends on whether an accusatory instrument may be filed there. In determining whether an accusatory instrument

may be filed in a city court, an offense is "committed in" a city "not only when it is in fact committed therein but also when it is, for other reasons specified in [CPL] 20.40 and 20.50, prosecutable in the criminal courts having geographical jurisdiction over such [city]" (CPL 100.55 [10]). CPL 20.40 governs where crimes that occur in more than one county may be prosecuted, and CPL 20.50 applies those same principles to the determination of geographical jurisdiction over offenses as between cities, towns, and villages within a county.

Based on the principle in CPL 20.40 (2) (c), which is applicable to cities pursuant to CPL 20.50, an accusatory instrument may be filed in a city court, even though none of the alleged illegal conduct constituting the offense may have occurred within that city, if the conduct "had, or was likely to have, a particular effect upon such [city] * * * and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein" (*see, People v Fea*, 47 NY2d 70; *Matter of Steingut v Gold*, 42 NY2d 311). A "[p]articular effect of an offense" is defined as "a materially harmful impact upon the * * * community welfare of a particular jurisdiction" (CPL 20.10 [4]).

The marihuana sale and distribution activities in the Town of New Windsor referred to in the warrant application constituted conduct which was likely to have a materially harmful impact upon the welfare of the City of Newburgh, considering the close proximity of these jurisdictions (*see, People v Kassebaum*, 264 AD2d 664, *affd* 95 NY2d 611, *cert denied* 532 US 1069; *People v Shouder*, 237 AD2d 545; *Matter of Arcuri v Kirk*, 231 AD2d 962; *cf., People v Cox*, 127 Misc 2d 336, 339-340). Since the detective's application indicated that the investigation of illegal drug activity in the City of Newburgh led him to the information about the defendant's activities, it could reasonably be inferred that the search of the defendant's premises would uncover evidence of the sale, possession, and distribution of drugs in the City of Newburgh as well (*see, People v Herrara*, 112 AD2d 315). Based on CPL 20.40 (2) (c), there exists the necessary nexus to the geographical jurisdiction of the City Court of Newburgh for the filing of an accusatory instrument in that court against the defendant. Accordingly, the City Court of Newburgh had preliminary jurisdiction over the underlying offense and was authorized to issue the warrant.

The defendant's remaining contention regarding the reliability of the informant is without merit. The detective

provided corroborative facts in the warrant application, and the City Court conducted an in camera interview of the informant prior to issuing the warrant (*see, People v Serrano,* 93 NY2d 73; *People v Taylor,* 73 NY2d 683). Therefore, the judgment is affirmed.

S. MILLER, SMITH and CRANE, JJ., concur.

Ordered that the judgment is affirmed.