OPINION OF THE COURT
Gerald V. Hayes, J.
The defendant has been indicted for two counts of criminal *310 possession of a controlled substance in the third degree, a class B felony (Penal Law § 220.16 [1], [12]).
By omnibus motion, the defendant seeks various forms of relief.
Suppression of Physical Evidence
On March 2, 2001, a Town of Pleasant Valley Justice signed a search warrant authorizing the search of a motel room located in the Town of LaGrange. As a result of the execution of that warrant, controlled substances were found in the motel room and the occupants, Darlene Kinney and Deval Cobb, were arrested.
Cobb now moves to controvert the warrant on the ground that the Town of Pleasant Valley Justice had no authority to sign it. Specifically, he alleges that the Town of Pleasant Valley Justice did not have preliminary or geographic jurisdiction. Additionally, the Town of Pleasant Valley Justice reviewed the application for the warrant and signed the warrant while in his office in the City of Poughkeepsie rather than at the court or some other location within the Town of Pleasant Valley.
The People argue that the Pleasant Valley Justice did, in fact, have preliminary jurisdiction and that the signing of the search warrant in the City of Poughkeepsie was not the equivalent of holding court. The People’s position is that the Justice had authority to issue a search warrant to be executed in the Town of LaGrange and it is immaterial as to where he physically signed the warrant. The People also allege that the reason that the Town of Pleasant Valley Justice signed the warrant was that the two Town of LaGrange Justices were unavailable. Although the People did not submit any evidence of that in their answering papers, the defense does not seem to be challenging that assertion.
CPL 690.35 (2) (a) provides that an application for a search warrant shall be made to a local criminal court having preliminary jurisdiction over the underlying offense or geographical jurisdiction over the location to be searched. Subdivision (2) (a) (i) provides further that, if a town court has jurisdiction but is not available to issue the search warrant, the warrant may be issued by the local criminal court of any adjoining town within the same county.
Trial and preliminary jurisdiction are defined in CPL 1.20 as follows:
“24. ‘Trial jurisdiction.’ A criminal court has ‘trial *311 jurisdiction’ of an offense when an indictment or an information charging such offense may properly be filed with such court, and when such court has authority to accept a plea to, try or otherwise finally dispose of such accusatory instrument.
“25. ‘Preliminary jurisdiction.’ A criminal court has ‘preliminary jurisdiction’ of an offense when, regardless of whether it has trial jurisdiction thereof, a criminal action for such offense may be commenced therein, and when such court may conduct proceedings with respect thereto which lead or may lead to prosecution and final disposition of the action in a court having trial jurisdiction thereof.”
CPL 100.55 (6) provides that a felony complaint may be filed with any town court of a particular county when a felony charge therein was allegedly committed in some town of such county. Such court need not be that of the town in which the felony was allegedly committed. The defense, citing People v Chrysler (287 AD2d 7), argues that CPL 100.55 is not applicable to city courts and that, therefore, a city court does not have preliminary jurisdiction over a felony committed in any town within the county.
However, we are not dealing in this instance with a city court; we are dealing with the Town Courts of LaGrange and Pleasant Valley. As I read Chrysler, the Court is suggesting that CPL 100.55 (6) gives every town court within the county preliminary jurisdiction of a felony committed in any town in the county.
In the instant case, the application for the search warrant alleged that Darlene Kinney committed acts which would constitute the class B felony criminal sale of a controlled substance in the third degree. Accordingly, the Pleasant Valley Justice would have preliminary jurisdiction over the matter since the allegation is that a felony had been committed in the Town of LaGrange.
If the Pleasant Valley Justice did not have preliminary jurisdiction, then it would be necessary to deal with the issue as to whether he nevertheless could issue the warrant on the ground that the LaGrange Justices were unavailable. Although it would have been preferable for the People to have presented some sort of proof of that in their opposing papers, since that does not seem to be disputed by the defense and, since in fact it is not necessary upon my finding of preliminary jurisdiction, *312 then there is no reason to conduct a hearing with respect to that issue.
The final question to be resolved is whether the signing of the warrant by the Pleasant Valley Justice in his office in the City of Poughkeepsie renders the warrant a nullity.
Uniform Justice Court Act § 106 (1) essentially provides that a town justice may hold court anywhere within the municipality. The defense argues that there is no authority for a town justice to act in his official capacity outside of his authorized geographical area. In other words, in order for a search warrant to be valid, the town judge must sign it within the geographical limits of his town.
The defense cites People v Shepherd (68 NY2d 841). In that case, the defendants and the District Attorney consented to a town justice conducting a joint hearing with a city court judge outside the town. The People, unhappy with the merits of the decision rendered after the hearing, appealed on the issue of jurisdiction.
The Court of Appeals held that a town justice cannot exercise his or her jurisdiction outside the limits of the respective town even upon consent of the parties.
This is not necessarily dispositive of the issue here.
Uniform Justice Court Act § 106 provides: “Each court shall exercise its jurisdiction, civil or criminal, whenever it is invoked.” The People argue that subdivision (1) which states that a town justice may hold court anywhere in the town is not a necessary prerequisite to the court exercising its jurisdiction with respect to the issuance of a search warrant.
There are no New York cases directly on point. The case most similar is that of People v Caruso (2002 NY Slip Op 40027[U] [Sullivan County Ct, Mar. 4, 2002]). In that case, a Town of Delaware Justice signed an arrest warrant for Caruso after reading a felony complaint given to him by a deputy sheriff at the sheriff’s department which is in the Village of Monticello, Town of Thompson. The primary issue in Caruso was whether defendant’s right to counsel had attached pursuant to People v Samuels (49 NY2d 218). The court concluded that it had not because the arrest warrant was a nullity.
As the court noted, a criminal action is commenced by the filing of an accusatory instrument against the defendant in a criminal court (CPL 1.20 [17]). A warrant of arrest is a process issued by a local criminal court directing a police officer to arrest a defendant designated in an accusatory instrument filed *313 with such court and to bring him before such court in connection with such instrument. (CPL 120.10 [1]; cf. People v Harris, 77 NY2d 434.)
The court concluded that handing the accusatory instrument to the Town of Delaware Judge outside of his jurisdiction did not constitute the required “filing” of the accusatory instrument with the court. Accordingly, the County Court deemed the warrant a nullity.
One of the obvious differences between a search warrant application and the presenting of the accusatory instrument to a town justice is that there is nothing in CPL article 690 requiring the “filing” of the search warrant application with the court. (People v Christopher, 109 Misc 2d 767, 769.)
Lacking any New York authority, it could be instructive to look to other jurisdictions which have addressed the issue.
In United States v Strother (578 F2d 397), a Federal Magistrate for the District of Columbia resided in Virginia. On a night on which she was designated to handle emergency matters, an application for a search warrant to be executed within the District of Columbia was made to her at her home and she signed the warrant while at her home in Virginia.
The Federal Magistrates Act of 1968 (28 USC § 636) provided that each United States Magistrate shall have within her territorial jurisdiction all powers and duties conferred or imposed upon United States commissioners by law or by the rules of criminal procedure for the United States District Courts.
Federal Rules of Criminal Procedure rule 41 (a) provides that a search warrant may be issued by a federal magistrate within the district wherein the property sought is located.
The United States Court of Appeals for the District of Columbia Circuit found the warrant valid holding that:
“We think the language of the Rule, with its explicit reference to the location of the property in question, is significant for purposes of the problem before us. That language, in our view, is intended to make clear that the search warrant can only be operative in the territory in respect of which the issuing officer is clothed with judicial authority. It is not intended, we believe, to require that under all circumstances the physical acts involved in the issuance of a warrant be performed in that territory. The general principle that a judicial officer’s writ cannot run outside her territorial jurisdiction is a *314 far different thing from saying that in no circumstances can a judicial officer sign outside her jurisdiction a writ which runs within it.” (578 F2d at 399.)
The court explained that the obtaining of the search warrant is an ex parte proceeding in which the applicant is authorized to communicate directly with the judicial officer and upon which the judicial officer is authorized to act solely on the basis of the representations made by the applicant. The court noted that, with respect to the conduct of adversary proceedings, there are limitations on a judge’s power to hold those proceedings wherever she might please. The court found that the ex parte process of a warrant authorization presents no such problem.
The same result was reached by the District of Columbia Court of Appeals in Coates v United States (403 A2d 304). In that case, on a Saturday, a District of Columbia police officer drove to a location in Maryland where a District of Columbia Superior Court Judge was located. The Judge took the oath and signed the warrant which was to be executed in the District of Columbia.
The District of Columbia Court of Appeals affirmed upon the decision of the trial judge who, taking note of the preference for warrants, held that, in order to prevent delay and promote justice, a judge outside the geographical confines of his jurisdiction is empowered to take action at a nonadversary stage on matters coming within the purview of his authority in his own jurisdiction.
The validity of a search warrant under similar circumstances was also sustained in the Southern District of New York in United States v Gomez (495 F Supp 992) in which a Southern District Magistrate issued a search warrant at his home in the Eastern District authorizing a search in the Southern District.
The same conclusion was reached in McGowan v State (189 Miss 450, 196 So 222). The Supreme Court of Mississippi interpreted that state’s statute to mean that a justice of the peace who was physically in one district could issue a search warrant for another district as long as it was in the same county. The rule that a judicial officer has no power to try and determine causes while physically out of his judicial district did not apply to the issuance of a search warrant. (See also Curtis v State, 247 Miss 671, 157 So 2d 401.)
Notwithstanding my initial impression as to this issue, I am now convinced that the rationale of the federal courts and the *315 District of Columbia courts is correct and consistent with the intent of the New York statutes. .
As the court in Strother pointed out, judges have often signed papers or done other acts outside their territorial jurisdiction which have effect — and can only have effect — within their respective jurisdictions. If, for example, I as a County Judge while outside of Dutchess County on a weekend write a decision or sign the final draft of a decision, is that decision invalid because it was not composed or signed in Dutchess County? I would think not. What is pertinent is that it is ultimately filed with the clerk of the court and affects in some way the case pending in the County Court. Likewise in my capacity as a firearm licensing officer (Penal Law § 265.00 [10]): if I review the application and sign the permits outside of Dutchess County and then process them according to law, I do not see how those permits would be invalid simply because they were signed outside the county.
I do not agree with Judge Ugast’s characterization of the signing of a search warrant as “an essentially ministerial function” (Coates, supra at 306) because the neutral and detached magistrate must review the application carefully to determine that it comports with statutory and constitutional safeguards.
On the other hand, I do not view the signing of a search warrant as “holding court” within the purview of Uniform Justice Court Act § 106 (1) which, for these purposes, provides that a town justice may hold court anywhere in the municipality. The general requirement of Judiciary Law § 4 that the “sittings” of every court within the state shall be public is also not applicable.
As held in Matter of Search Warrant, No. L-18/81 (108 Misc 2d 440, 442) “an application for a search warrant is not a ‘sitting’ of a court. It is an ex parte proceeding not connected with a criminal action, and often takes place in the Judge’s home[*] or private chambers.”
CPL 690.35 enables a town justice to sign search warrants to be executed in jurisdictions where the justice has preliminary or geographical jurisdiction. It is the location of the execution of the warrant that is the crucial jurisdictional issue and not where the justice happened to be when he signed it.
Therefore, I find that the Town of Pleasant Valley Justice had preliminary jurisdiction to sign the warrant. I find that *316 the signing of the warrant was a proper exercise of his jurisdiction notwithstanding that he was in the City of Poughkeepsie when he signed it.
Accordingly, the motion to controvert the warrant and to suppress physical evidence is denied.

 While New York requires almost exclusively that a judge reside in his or her jurisdiction, there are exceptions with respect to village and acting village justices (cf. Village Law § 3-300; 1998 Ops Atty Gen No. I 98-18).