■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVAL COBB, Appellant. [773 NYS2d 586]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 28, 2002, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Justice Court of the Town of Pleasant Valley (hereinafter the Justice Court) did not have jurisdiction to issue a warrant to search, inter alia, certain premises in the Town of LaGrange for controlled substances. Contrary to the defendant's contention, the Justice Court has preliminary jurisdiction over the felonies committed in the Town of LaGrange since the Justice Court and the town where the felonies were committed are both located within the same county (*see* CPL 100.55 [6]; 690.35 [2] [a]; *People v Chrysler,* 287 AD2d 7, 11 [2001]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 690.35, at 449). Furthermore, the Town Justice had the authority to issue the search warrant even though he was not within his geographical jurisdiction at the time that he did so (*see United States v Strother,* 578 F2d 397 [1978]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see People v Kazepis,* 101 AD2d 816 [1984]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.