Harry J. D’Agostino, J. P.
On March 17,1960, the defendant herein was issued a uniform traffic ticket by Officer Paul Uhl of the Town of Colonie Police for a violation of subdivision 4 of section 56 of the Vehicle and Traffic Law. A similar ticket was issued to one Peter Hockford at the same time. The violations consisted of exceeding the 40-mile speed limit prescribed by the State Traffic Commission for Route 5, the Albany-Schenectady Road, Town of Colonie. At the time of the arrests, the defendant advised the arresting officers that he had been pursuing Mr. Hockford to arrest him for a speeding violation which occurred in his presence in the City of Schenectady. At a subsequent date, Peter Hockford was convicted of operating his vehicle in violation of section 56 of the Vehicle and Traffic Law.
On the trial of this case, the People stipulated that the defendant was in the process of making a civilian arrest when apprehended and that an arrest was made by the aforesaid police officers of both the defendant and Mr. Hockford. The defendant stipulated that in attempting to make a civilian arrest he did exceed the 40-mile speed limit prescribed for Route 5. Defendant then moved to dismiss the charges on the ground that a *453 private citizen has a right to make an arrest for a traffic offense, that a private citizen stands on an equal footing and is cloaked with the same authority as a police officer in making an arrest, that traffic offenses are deemed to be misdemeanors for procedural purposes under the Vehicle and Traffic Law, which includes the right to make an arrest for a traffic offense, and in so doing, the defendant had a right to exceed the aforesaid speed limit the same as a peace officer would have under like circumstances.
The question presented to the court is whether a civilian may make a civilian arrest for a traffic violation (infraction) committed in his presence and in so doing may pursue the violator with his vehicle on a public highway exceeding the speed limit maintained by the New York State Traffic Commission.
The Code of Criminal Procedure, sections 183-185, inclusive, provides for arrest by private persons. Section 183 provides: 1 ‘ A private person may arrest another, 1. For a crime committed or attempted in his presence; 2. When the person arrested has committed a felony, although not in his presence.”
A traffic infraction is deemed a misdemeanor for procedural purposes. (Vehicle and Traffic Law, § 155; Squadrito v. Griebsch, 1 N Y 2d 471.) A private person may make an arrest for a traffic violation committed in his presence. (Squadrito v. Griebsch, supra-; Sutton v. Evans, 4 A D 2d 580, appeal dismissed 7 N Y 2d 741; 11 Op. St. Comp., 1955, p. 17; 45 N. Y. State Dept. Rep. 646.)
From the foregoing, it is clear that the defendant in the case at bar was empowered to make an arrest of a person violating the provisions of the Vehicle and Traffic Law and in particular subdivision 4 of section 56, where such violator was exceeding the 40-mile speed limit prescribed for Route 5 in the Town of Colonie by the New York State Traffic Commission. However, in making said arrest the defendant himself did violate the provisions of subdivision 4 of section 56 and operated his vehicle in excess of the said speed limit. Subdivision (a) of section 1104 of the Vehicle and Traffic Law provides: “ The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law * * * may * * * (b) * * * 3. Exceed the maximum speed limits so long as he does not endanger life or property ”.
Section 101 of the Vehicle and Traffic Law defines an authorized emergency vehicle as: “ Every ambulance and every vehicle operated by a police department, fire department, fire patrol, chief or assistant chief of a fire department, county or *454 deputy eounty fire co-ordinator, county or assistant county fire marshal, sheriff, or by a regular paid deputy sheriff when engaged in the performance of duty as a peace officer, or by an authorized public utility company when on emergency calls, and every state-owned vehicle operated by a law enforcement officer of the conservation department when engaged in performance of duty in enforcement of the conservation law.”
Subdivision 4 of section 56 of the Vehicle and Traffic Law provides: “ No person shall operate a motor vehicle or motorcycle in any speed zone * * * at a speed greater than the maximum speed limit established therein by the state traffic commission. ’ ’
A reading of the above sections indicates that no motor vehicle may exceed the speed limit other than an authorized emergency vehicle. Defendant’s automobile does not come within the definition of an authorized emergency vehicle and, thereftire, I find that he in the making of a civilian arrest may not himself violate the provisions of the Vehicle and Traffic Law.
To allow private persons to convert their automobiles into authorized emergency vehicles and take off in pursuit of traffic violators would result in a chaotic and dangerous situation on the highways of this State. Particularly, in view of the fact, that the private automobile would be without red light or siren to warn others on the highways that it was pursuing a violator. If one extends the proposition, it can readily be seen that in the case of future arrests by police officers for speeding infractions the defense would be interposed, “I was in chase of a traffic violator whom I lost upon being stopped by the officer.” This could make the enforcement of speed laws impossible.
I believe the defendant acted in good faith and had a sincere desire to enforce the provisions of the Vehicle and Traffic Law. While defendant’s zeal is to be commended, I cannot accept the defense interposed on his behalf.
Accordingly, the court finds that the defendant in attempting to make a civilian arrest for a traffic violation committed in his presence could not pursue the alleged violator with his vehicle on a public highway exceeding the speed limit prescribed for said highway by the New York State Traffic Commission.
Defendant’s motion is hereby denied and on defendant’s admission of exceeding the speed limit, he is found guilty of the charge placed against him and fined $10, which sentence the court suspends.