■ In the Matter of the Intermediate Accounting of SECURITY TRUST COMPANY OF ROCHESTER, as Trustee of an Express Trust, Made by CHARLES M. THOMS and Others. JANET T. INGERSOLL, Appellant; SECURITY TRUST COMPANY OF ROCHESTER et al., Respondents. (And 7 Other Proceedings.) — Order entered February 17, 1965 unanimously reversed, without costs of this appeal to any party, and matter remitted to Monroe County Supreme Court, Special Term, for further proceedings in accordance with the memorandum. The appeal from the order entered March 9, 1965 insofar as it denied resettlement of the order of February 17, 1965 is dismissed as academic. Memorandum: Special Term correctly decided that the Supreme Court Justice was disqualified by the provisions of section 14 of the Judiciary Law and has been so disqualified since July 17, 1957 — the date of his first acquisition of stock of the corporate trustee. It follows that any decisions and orders (including those of Oct. 10, 1962, Nov. 29, 1962, June 18, 1964, and July 27, 1964) are null and void. The order to be entered herein will contain such a provision. This leaves pending and undecided the application of the petitioner trustee presented by its notice of motion dated July 23, 1962 for various relief including the dismissal of appellant's objections and the continuance of the accounting proceeding before the Referee as a default as to appellant. This motion should be considered and decided anew by Special Term. At the same time the court should decide anew the motion of appellant presented by notice of motion dated October 23, 1964 insofar as it sought relief other than the vacatur of the orders made by the disqualified Justice. We find no authority for the procedure adopted by Special Term by which new life was breathed into the void orders by the use of a *nunc pro tunc* order. The void order eliminating appellant and her objections from the accounting proceeding was made after a hearing before a Justice who was statutorily disqualified. There should be a full and new hearing as to all matters that were decided by the disqualified Justice after July 17, 1957. We obviously do not attempt at this time to chart the future course of the litigation after these issues have been decided. (Appeal by objectant, Janet Thoms Ingersoll, from an order of Monroe Trial Term, denying the cross motion of the objectant for a new trial and granting *nunc pro tunc* as of October 10, 1962, the recross motion of petitioner for an order holding objectant to be in default and dismissing her objections to the accounts and granting petitioner leave to renotice motion to confirm report of Referee; also appeal from certain parts of the order of Monroe Special Term, denying motion of objectant to resettle the above order.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.