■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN NILES EPSTEIN, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered December 5, 1973, convicting him of criminal possession of a dangerous drug in the third degree (two counts), possession of implements adapted and used to administer narcotics and possession of a dangerous weapon, upon a jury verdict, and imposing sentence. The appeal also brings up for review an order of the same court, dated September 6, 1973, which denied defendant's motion to suppress evidence, after a hearing. Judgment and order reversed, on the law, motion to suppress granted and indictment dismissed. The facts upon which the judgment and order were based were established. In this case, information to the effect that defendant was in possession of drugs to be found in a certain house located in the Town of Blooming Grove was presented to the Town Justice of the Town of Monroe. Based on this information, the Town Justice issued a warrant authorizing a search of the Blooming Grove house. We hold that the Town Justice was without authority to issue the warrant. The subject

matter jurisdiction of the Justice Court in criminal cases is limited to those matters in which the court has geographical jurisdiction (UJCA, § 2001, subd. [1]; CPL 20.40, subds. 1, 2; CPL 20.50, subd. 1; *People* v. *Osborne,* 29 N Y 2d 250). In the present situation, no part of the alleged offenses occurred in the Town of Monroe or had a result or an effect therein. Hence, the Town Justice lacked jurisdiction of the offenses and was thus powerless to issue the warrant (see *People* v. *Nivon,* 29 N Y 2d 947, affg. 35 A D 2d 174; *People* v. *Beard,* 77 Misc 2d 927; UJCA, § 2005). The fact that defense counsel failed to raise the issue of lack of jurisdiction at the suppression hearing is no bar to its assertion on appeal (*People* v. *Nicometi,* 12 N Y 2d 428, 431). Cohalan, Acting P. J., Brennan, Benjamin, Munder and Shapiro, JJ., concur.