Jasen, J.
The issue on this appeal concerns the authority of the Justice Courts to issue search warrants directed at persons or premises located outside of their territorial jurisdiction. We conclude that such authority is lacking, absent a relationship *762 between the target of the search warrant and an offense committed within the relevant political boundary.
The facts are not in dispute. On July 2, 1974, a State Police investigator applied to the Town Justice of the Town of Orchard Park for a warrant directing the search of defendant Dennis J. Hickey and his residence within the City of Buffalo for narcotics, related paraphernalia, and records. From the supporting affidavit, the Town Justice determined that there was probable cause to believe that defendant possessed a quantity of narcotics in his apartment, and a warrant was issued. The State Police executed the warrant and found within the apartment a quantity of marijuana. Defendant was charged with criminal possession of a controlled substance in the fifth and seventh degrees. After entering a plea of not guilty, defendant moved for an order suppressing all evidence seized pursuant to the search warrant. A Justice of the Supreme Court granted the motion on the. ground that there was no evidence to sustain the geographical jurisdiction of the Justice Court over the offenses involved. The Appellate Division unanimously affirmed, without opinion. (49 AD2d 700.)
The jurisdiction of the Justice Courts over criminal matters is regulated by the Criminal Procedure Law. (UJCA, § 2001.) The Justice Courts are local criminal courts (CPL 10.10) and, as such, possess trial jurisdiction of all offenses other than felonies and preliminary jurisdiction over all offenses, subject to divestiture by a superior court (CPL 10.30). While preliminary jurisdiction is independent of trial jurisdiction, even preliminary jurisdiction does not exist unless a criminal action may be commenced within the court with respect to the offense. (CPL 1.20, subd 25.) The commencement of a criminal action requires that the criminal conduct bear a necessary nexus to the geographical jurisdiction of the court wherein the action is commenced. (CPL 20.40, 20.50.)
A search warrant is a process of the court. (CPL 690.05, subd 2.) The authority of a Justice Court to issue process is regulated by statute and is confined to matters of which the court has jurisdiction. "The court shall have the power and jurisdiction to send process and other mandates in in any matter of which it has jurisdiction into any part of the county or any adjoining county, for service or execution, as provided by the criminal procedure law”. (UJCA, § 2005.) Hence, a Justice Court may not issue a search warrant unless it has *763 geographic, but not necessarily trial, jurisdiction. (People v Epstein, 47 AD2d 661.)
The test, quite simply, is whether the affidavits which form the basis for issuance of the search warrant allege that an offense was committed within "the jurisdictional purview of the issuing court.” (People v Fishman, 40 NY2d 858, affg 48 AD2d 726.) Where the underlying offense allegedly occurred within the geographic jurisdiction of the Justice Court, a search warrant may, if necessary, be executed throughout the county or in an adjoining county. (UJCA, § 2005; CPL 690.20; compare People v Fishman, supra, and People v Johnson, 44 AD2d 451, affd 36 NY2d 864, with People v Beard, 77 Misc 2d 927, and People v Stinson, 65 Misc 2d 380.) Here, there has been no allegation and absolutely no proof that any offense was committed within the Town of Orchard Park. The Town Justice was, therefore, without jurisdiction to issue a search warrant directed at an apartment within the City of Buffalo. Application should have been appropriately made to any of the number of Buffalo City Court Judges, or to Judges of the County Court, or to the Supreme Court Justices. (See Pitler, New York Criminal Practice Under the CPL, § 10.25, p 484.)
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.