■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY JAMES DUNN, Appellant.—Judgment unanimously reversed, on the law, motion to suppress granted and indictment dismissed. Memorandum: Defendant appeals from his conviction of criminal possession of a controlled substance in the sixth degree, entered upon a plea of guilty. He urges that the court should have suppressed the fruits of an illegal search and seizure and that his sentence was excessive. A warrant was obtained from the Town Justice in the Town of Albion for the search of defendant's premises in the Town of Ridgeway. There was nothing in the supporting papers to show that any crime had taken place in the Town of Albion. Inasmuch as the Town Justice had no jurisdiction to issue such warrant, it was void and the motion to suppress should have been granted *(People v Hickey,* 40 NY2d 761). An issue may be raised for the first time on appeal if it concerns a jurisdictional defect *(People v Nicometi,* 12 NY2d 428). In *People v Epstein* (47 AD2d 661), where the facts were similar to those here insofar as the issuance of the warrant and failure to raise the issue at the suppression hearing were concerned, the court reversed the judgment relying upon *People v Nicometi (supra).* Under the particular facts here where the issuance of the search warrant was void from its inception, the evidence obtained from the search conducted pursuant to such warrant may not properly be used upon the trial. We do not pass upon the excessiveness of the sentence. (Appeal from judgment of Orleans County Court—criminal possession controlled substance, sixth degree.) Present—Moule, J. P., Cardamone, Simons, Hancock and Denman, JJ.