■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COFFEY, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered February 28, 1977, convicting defendant on his

plea of guilty of the crime of criminal possession of stolen property in the first degree. In the course of executing a search warrant procured from a Federal Magistrate upon the application of an agent of the Federal Bureau of Investigation, certain stolen securities and other valuable items were recovered from defendant's residence in Endicott, New York. He was thereafter indicted by a Broome County Grand Jury for the criminal possession of that property and the issue presented on this appeal from the ensuing conviction is whether the trial court correctly denied his motion to suppress the use of such articles. We conclude that it did and that the judgment should be affirmed. While the instant search warrant was defective in a very limited sense, consideration of the underlying nature of the deficiency leads us to reject the proposition that the results of the search must be suppressed. The application for the warrant developed ample probable cause to believe that stolen property was located at defendant's residence, but failed to adequately connect that circumstance with the violation of some Federal statute because there was an insufficient basis to rely on an informant's account that the property in question had been transported in interstate commerce (see US Code, tit 18, § 2314). Although it has been reasoned that such an omission invalidates a warrant procured from a Federal Magistrate (e.g., *United States v Brouillette,* 478 F2d 1171; *State v Bisaccia,* 131 NJ Super 270), it should be noted that suppression followed in those cases without question or discussion. (See, also, *People v Hickey,* 40 NY2d 761; *People v Dunn,* 59 AD2d 647.) Common to all these decisions is a lack of statutory authority on the part of particular judicial officers to issue the requested warrants for reasons wholly unrelated to their general power to grant such applications and, of greater significance, to the existence of probable cause. The judicially created exclusionary rule was fashioned to protect and advance basic Fourth Amendment rights, yet it has not received universal application barring all use of materials illegally obtained (see *Stone v Powell,* 428 US 465, 485-486), and it should not be extended to cover the present situation. There is no doubt but that a proper search warrant would have issued had this Federal law enforcement officer taken his supporting affidavit to a local criminal court of this jurisdiction (CPL 690.05, 690.10). What constitutional difference can it make whether the predicate criminal offense justifying a search was defined by Congress or a State Legislature so long as a detached Magistrate can be shown and make a determination that probable cause to search exists in fact *(Johnson v United States,* 333 US 10, 13-14), and how far are the fundamental interests served by the exclusionary rule advanced by forcing law enforcement officials to choose carefully the individual Magistrate to whom such proof are to be presented? This is not an example where cause to search may have existed but was not revealed beforehand, nor is it an instance where the Fourth Amendment would forbid a search for some inadequacy in the reasons actually propounded by those who would conduct it. Instead, it is one where the sole obstacle to a completely valid search has arisen by virtue of a purely statutory restriction which, in our opinion, does not call for a ritualistic invocation of the exclusionary rule, as a matter of legal theory, to ban the use of inherently probative evidence. Judgment affirmed. Mahoney, P. J., Sweeney, Kane and Staley, Jr., JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). The defendant, James Coffey, was arrested in his home on December 16, 1975 after the execution of a search warrant issued by a Federal Magistrate on the ground that probable cause existed to believe that evidence of a violation of section 2315 of title 18 of the United States Code and a

conspiracy to violate that section was to be found at 619 Barnes Avenue, Endicott, New York. A hearing was held on a motion to suppress the evidence seized. Upon denial of the motion, defendant pleaded guilty to the charge of criminal possession of stolen property. On this appeal, the defendant contends that there were insufficient facts in the affidavit to enable the Magistrate to independently evaluate the reliability of the information contained therein and determine whether issuance of a search warrant was justified, and that the Magistrate acted beyond the scope of her authority. The affidavit in support of the search warrant was predominantly based on hearsay. The crucial issue before us revolves around whether there was a substantial basis in the affidavit to support the hearsay. Hearsay will support a finding of probable cause but the informer's credibility must be demonstrated. Facts must also be included in the affidavit from which the Magistrate can conclude that the informer's information is reliable *(Spinelli v United States,* 393 US 410). The test to be applied in a determination of probable cause was first set out in *Aguilar v Texas* (378 US 108) and requires that a two-pronged test be met, "the veracity test" and "the basis of knowledge test". The former is established in the instant circumstances because it was demonstrated that the affiant's informers had previously supplied him with information which was substantiated to be correct. In regard to "the basis of knowledge test", the supporting affidavit fails to support the conclusion that the crime of transporting stolen property over State lines has been committed. At best, we have from Informant No. 1 information supportive of probable cause that stolen property was to be found on the premises where defendant was arrested. The information supplied by Informant No. 2 comes from an unnamed third party who states that certain stolen stock has been transported over State lines. No facts or circumstances are set out to demonstrate how this third party reached this conclusion. In view of the foregoing, I conclude that probable cause was not established to justify a search of the premises for evidence of the crime of transporting stolen securities over State lines. The Federal Magistrate was otherwise not empowered to issue a search warrant for a violation of a State statute. The motion to suppress the evidence seized was improperly denied. The contention of the People that the defendant consented to the search and, therefore, waived any illegality in the search warrant must be rejected. The officers entered under the authority of the search warrant. Where there is coercion, as in these circumstances, there cannot be consent *(Bumper v North Carolina,* 391 US 543). The judgment should be reversed, the motion to suppress granted, and the indictment dismissed.