■ GERILYN BARR et al., Respondents, v COUNTY OF ALBANY et al., Appellants.—Appeals from such part of an order of Supreme Court at Special Term, entered October 17, 1978 in Albany County, which denied the motions of defendants, Deputy Sheriffs of Albany County, for summary judgment. This court, on the appeal in a companion case of an order denying the motion of defendants, County of Albany and the Sheriff of Albany County, for a dismissal of the complaints against them, reversed Special Term and dismissed the complaints as to them, holding that they were protected by constitutional immunity and there was no merit to the allegations of negligence against the Sheriff *(Barr v County of Albany,* 69 AD2d 914). The undisputed facts here are set forth in the statement therein. The individual defendants who are Deputy Sheriffs of Albany County moved to dismiss the complaints on the grounds that the search warrant issued by the Town Justice affords protection to those obligated to enforce it, and, therefore, the Deputy Sheriffs were justified in detaining and arresting plaintiffs, and that all that the Deputy Sheriffs are required to prove to protect themselves from liability is that the acts were done in the good faith execution of process issued by a Magistrate having jurisdiction to issue the process. The main contentions of the defendants, Deputy Sheriffs, are that they are protected from liability when acting pursuant to a search warrant issued by a Magistrate having jurisdiction, and that they had probable cause to arrest plaintiffs. Plaintiffs contend that the search warrant issued by the Town Justice was invalid on its face, since it does not particularly describe the property to be seized. The search warrant directed a search of the "former Ordway House located approximately 2 miles northeast of Rensselaerville on Town Road, namely, Pond Hill Road" the property being "Two Story, White wood frame house". The affidavit supporting the issuance of the search warrant stated "I have reasonable belief that controlled substances are unlawfully possessed on the property or persons within". The search warrant fails to comply with the requirement of CPL 690.45 that "A search warrant must contain * * * A description of the property which is the subject of the search". The search warrant should have at least described the property to be seized as "controlled substances". While the search warrant was defective to the extent of failing to describe the property to be seized, such defect did not make entry upon the premises described therein illegal (cf. *People v Coffey,* 64 AD2d 769). Special Term found that the warrant relied upon, even if valid, authorized only a search of premises, and did not authorize an arrest, and further that whether there was justification in arresting plaintiffs for probable cause, involved questions of fact. We agree. The record does not support a finding of probable cause as a matter of law. Although defendants argue that the pretrial depositions establish that marihuana was found at the scene of the arrests, there is conflict in the testimony as to the knowledge of the arresting officers of the identity of persons alleged to be guilty of the crime of possessing marihuana. Questions of fact exist on the issue of probable cause, which should be resolved by trial. Summary judgment was properly denied. Order affirmed, without costs. Staley, Jr., Mikoll and Herlihy, JJ., concur.

Mahoney, P. J., and Greenblott, J., dissent and vote to reverse in the following memorandum by Greenblott, J. Greenblott, J. *(dissenting).* We

concur with that portion of the majority decision which holds that the failure of the search warrant to properly describe the property to be seized would not make entry upon the premises described therein illegal. However, we dissent from the majority's holding that a question of fact was presented as to whether probable cause existed for the arrests. Upon entering the premises, the officers found evidence of marihuana being used. Several officers saw marihuana, smelled it and observed people hiding it. The record in the form of examinations before trial of the defendants Deputy Sheriffs provides ample proof of the existence of a marihuana plant, marihuana "roaches" and the smell of "grass". From these facts there was probable cause for prudent police officers to arrest those persons present on the premises. Accordingly, we respectfully dissent and would grant defendants' motions for summary judgment.