Hon. Charles H. Clark Village Attorney Village of Canajoharie
This is in response to the questions posed in your letter requesting an opinion whether, and by what means, the Village of Canajoharie can establish regulations as to the use, opening and closing of a park owned by it in the Town of Canajoharie but located wholly outside the Village limits. You also ask who has the authority, Village Police, Town Constable or County Sheriff, to enforce the regulations and in which Court, Village or Town, violations of the regulations in the area in question may be prosecuted. You further ask whether, if the Village establishes a park commission, park use regulations would have to be enacted by the commission and, if so, in what form.
For purposes of this opinion, we assume that the Village acquired the parklands involved in the manner authorized by Village Law, §6-624 for acquisition of parklands outside Village boundaries. In such circumstances, the authority of the Village Board to establish regulations for use of the park is clearly provided by Village Law §4-412 (1), which provides that "the board of trustees of a village shall have management of village property and * * * may take all measures * * * [for] the protection of its property." It is fair to conclude that this grant of power extends to the protection of park property owned by the Village but situated wholly outside the Village limits. While we find no case directly supporting this conclusion, there is authority, in a parallel situation involving municipal water systems, for the conclusion that a municipality may regulate its property located outside its boundaries. As stated in City of Poughkeepsie v VassarCollege, 85 Misc.2d 604, 606 (Sup Ct, Dutchess Co, 1961), where "the Legislature has empowered the plaintiff [city] to extend its water system beyond the municipal boundaries[,] it is a fair inference that the Legislature intended that the powers granted * * * for the adoption of rules and regulations * * * appl[y] equally to intramunicipal consumers as well as to extramunicipal consumers." We see no reason why this "fair inference" should not apply to parklands acquired under similar statutory authority.
With respect to whether the Village may establish the park regulations by resolution of the Village Board, rather than by "local law", Village Law, § 20-2000, through which the Village derives its power to adopt any "order, rule or regulation which contains a penalty therein," expressly provides that such adoption shall be by local law. Since it is an established rule of statutory construction that the expression of a particular means of accomplishing an end is the exclusion of all other means of so doing (McKinney's Statutes, § 240), the Village Board may establish the park regulations only by "local law".
With respect to the authority of the Village police to enforce the Village park regulations outside the Village limits, a police officer may arrest a person for a petty offense only when the offense is committed within the geographical area of the officer's employment (CPL, §140.10 [2] [a]; People v Pollaci, 68 A.D.2d 71 [2d Dept, 1979]). The same rule is applicable to issuance of an appearance ticket (CPL, § 150.20
[1]; Farkas v State of New York, 96 Misc.2d 784 [Ct of Claims, 1978]). The Criminal Procedure Law defines the "geographical area of employment" as the political subdivision, be it county, city, town or village, which has established the agency employing the police officer (§ 1.20 [34-a] [b]). Thus, in their official capacity, the Village police lack the authority to enforce the Village park regulations outside the Village limits.
Although the Attorney General has previously opined that, absent express statutory authority to the contrary, town constables may not issue appearance tickets (1973 Op Atty Gen [Inf] 89), nor may they be granted the powers of police officers by a Town Board that has not established a police department (1972 Op Atty Gen [Inf] 73), town constables, as peace officers (CPL, § 1.20 [33] [q]), are authorized to make warrantless arrests "for any offense * * * [that] has in fact [been] committed * * * in his presence" (CPL, § 140.25 [3] [a]). These offenses must have been committed within the geographical area of the arresting officer's employment (CPL, § 140.25[5]). Accordingly, the Town Constable has the authority to enforce the Village park regulations, by arrest.
With respect to whether the County Sheriff could enforce the Village park regulations, the duties of the Sheriff as conservator of the peace within the County were fixed at common law (Isereau v Stone, 207 Misc. 941 [Sup Ct, Onondaga Co, 1955], affd in part, revd in part on other grounds,3 A.D.2d 243 [4th Dept, 1957]) and have not been abrogated by statute (County Law § 650). Those duties "are in a large measure, in kind the same as are imposed upon police officers and he necessarily exercises police powers" (Commisso v Meeker, 8 N.Y.2d 109, 122 [1960], citing Pearcev Stephens, 18 App. Div. 101 [2d Dept, 1897], affd 143 N.Y. 673 [1897]). In view of the foregoing, we conclude that the Village park regulations would be enforceable by deputies of the County Sheriff.
We also call your attention to CPL § 140.30 (1) (b), which provides that "any person may arrest another person * * * for any offense when the latter has in fact committed such offense in his presence." This power of a "citizen's arrest" has been upheld for lesser offenses such as traffic violations (People v Nagell, 23 Misc.2d 452
[Justice Ct, Albany Co, 1960]). It would appear, then, that under section 140.30 (1) (b), the Village may employ a park caretaker who, as a private person, could make an arrest without warrant for violation of a park regulation. This arrest need only be made in the county in which the offense was committed (CPL, § 140.30 [2]).
Similarly, Village police, patrolling the park during the course of their normal duties, as private citizens could enforce the Village park regulations outside the territorial limits of the Village. In this respect, the question posed by you regarding the territorial jurisdiction of the Village police is not unlike the situation discussed in an earlier opinion of this office (1935 Op Atty Gen 45) wherein the Palisades Interstate Park Police, statutorily limited in their powers to the territory of the park, were faced with supervising the daily arrival and departure, from points outside the park, of several thousand men working on relief projects within the park. Thus, the question arose as to the authority of the police to function outside the limits of their territorial jurisdiction. The Attorney General there ruled that arrests made for acts committed in the presence of a park officer outside the park were proper since in this instance a private person could legally make an arrest (citing CCP § 183 [now CPL § 140.30]).
With respect to the Court(s) in which the Village park regulations could be enforced, they would not be enforceable in the Village Court since territorial jurisdiction of municipal courts is generally confined to the corporate limits (People v Osborne, 29 N.Y.2d 259 [1971]; People vEpstein, 47 A.D.2d 661 [2d Dept, 1975], citing Uniform Justice Court Act § 2001). While the Village park property is within the geographical jurisdiction of the Town Court, the question arises as to whether the Town Court can enforce park regulations enacted by the Village. Under the Criminal Procedure Law, Town Courts are local criminal courts (§ 10.10 [3] [d]) having "trial jurisdiction of all offenses other than felonies [and] exclusive trial jurisdiction of petty offenses" (§ 10.30 [1] [a]). Since a "`petty offense' means a violation" (§ 1.20 [39]), and the violation of Village park regulations is in issue, the Town Court appears to have geographical and subject matter jurisdiction of violations of the Village park regulations on Village park property within the Town.
Regarding the Village's authority to establish a park commission, Village Law, § 4-412 (1), provides that a village board may create "by resolution * * * commissions and delegate * * * so much of its powers, duties and functions as it shall deem necessary for effectuating or administering the board of trustees duties and functions." However, Village Law, § 20-2000 provides that "[a]ny rule, by-law or regulation adopted by any separate board, the violation of which shall result in a fine or imprisonment shall be approved by the board of trustees and notice of hearing and publication shall be conducted by the board of trustees in the same manner as the enactment of a local law prior to such approval." Thus, while the Village Board has the authority to create a park commission that may establish park regulations, such regulations must, before becoming effective, be approved by the Village Board in accordance with the formalities prescribed in section 20-2000. It is, of course, within the discretion of the Board to reserve for itself the power to establish the regulations while delegating other duties to the Commission.