■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT R. GARROW, Appellant. — Appeal from a judgment of the County Court of Essex County (Plumadore, J.), rendered February 3, 1982, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree. In December, 1980, Trooper Jaques of the New York State Police, investigating a burglary at the residence of Kathleen Cassidy in the Town of North Elba in Essex County, interrogated defendant who was then Cassidy's next door neighbor. At that point, Jaques ascertained that defendant was living with a 13-year-old boy whom defendant identified as his son. Further investigation disclosed that the boy was not enrolled in school. However, before the police could take any further action either with respect to the child or defendant's involvement in the Cassidy burglary, defendant left the area with the child. In June, 1981, Jaques learned that defendant and the boy had returned to the area and were living in the Town of Jay. Jaques verified that the child was not enrolled in the appropriate school district, and thereupon filed a criminal information in the Town of Jay Town Justice Court accusing defendant of the crime of endangering the welfare of a child (Penal Law, § 260.10, subd 1). After defendant was arrested on that charge and committed to jail pending trial, Jaques sought and obtained a search warrant from the Town Justice of the Town of North Elba authorizing a search of defendant's apartment in Jay for documents from which an accurate identification of the child could be made.[*] Upon entering defendant's apartment, in addition to seizing various identifying papers concerning the child, the State Police also seized various articles which they believed came from the Cassidy burglary. They also discovered and removed a receipt for rental of a trailer issued in the name of defendant's deceased brother. After leaving defendant's apartment, the troopers returned to the same Town Justice and, based upon an application containing the facts discovered during the search, obtained an amended search warrant to cover the Cassidy property. Subsequently on that day, using a key defendant's landlady gave the police, another trooper returned to defendant's apartment and photographed its contents. That evening, defendant's landlady also informed police that defendant's parents had emptied the apartment of all of its contents. Some two weeks later, acting upon descriptions of various missing articles given by another burglary victim in the area, Jaques went to the homes of defendant's parents, brother and an unidentified third person, obtained consents to search each premises, and removed boxes of stolen property. An Essex County Grand Jury thereafter handed down separate indictments charging defendant with the Cassidy burglary and two other burglaries, and possession of a forged instrument in connection with the rental of the trailer in the name of defendant's brother. Defendant then moved to suppress all of the items seized at the various premises and the photographs of the contents of his apartment. County Court denied suppression of all items except the photographs, after which defendant pleaded guilty to one count of attempted burglary in the second degree in connection with the Cassidy

---

[*] Trooper Jaques testified that no Town Justice of the Town of Jay was available at the time the search warrant was sought.

burglary in full satisfaction of all outstanding indictments. There must be a reversal because of the invalidity of the initial search warrant. A Justice Court may not issue process, including a search warrant, concerning which it has no geographical jurisdiction (*People v Hickey,* 40 NY2d 761, 761-762). And this is measured by the affidavits which form the basis for issuance of the search warrant (*People v Hickey, supra,* p 763; *People v Fishman,* 40 NY2d 858, affg 48 AD2d 726). On the basis of the criminal information which had already been filed and the search warrant application, it is clearly established that the warrant was issued by the North Elba Town Justice to search for evidence of a crime committed wholly within the Town of Jay. Accordingly, the North Elba Town Justice was without legal authority to issue the warrant and, since the defect is jurisdictional (*People v Dunn,* 59 AD2d 647), it matters not that no Town Justice of the Town of Jay was available when the search warrant was being sought. Therefore, the motion to suppress the items seized from defendant's apartment should have been granted. Furthermore, since the amended search warrant was based solely and directly on information obtained from the original entry, it also is unavailing to legitimize the search and seizure which had already taken place. The record is less clear as to whether suppression should have been ordered with respect to the items seized pursuant to consent searches at the residences of defendant's parents, brother and the unnamed third party. True, it can be said that the leads to those residences were initially derived from the illegal entry into defendant's apartment and were thus "fruit of the poisonous tree" (*Nardone v United States,* 308 US 338, 341). Nevertheless, that entry was rendered illegal as a matter of State statutory and not constitutional law, and thereafter the police acted at least partly on the basis of information from witnesses not directly involved in the illegal entry. Since the case for the legality of these subsequent searches and seizures was presented by the prosecution and decided by County Court on the basis of the validity of the original search warrant, no full record was made to explore whether they could be upheld on the alternative bases of attenuation (see, e.g., *United States v Ceccolini,* 435 US 268), independent source (see, e.g., *United States v McKlemurry,* 461 F2d 651), or defendant's lack of standing (see, e.g., *Rawlings v Kentucky,* 448 US 98; *Rakas v Illinois,* 439 US 128). Therefore, in addition to remittal for trial of all the indictments herein (CPL 470.55), the case should also be remitted for a further suppression hearing with respect to those items not taken from defendant's apartment. Judgment reversed, on the law, and matter remitted for further proceedings not inconsistent herewith. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.