■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PUCAK, Appellant.—Judgment unanimously reversed on the law, plea vacated, motion granted in part and matter remitted to Niagara County Court for further proceedings on the indictment. Memorandum: By entering a plea of guilty, defendant waived his right to challenge the sufficiency of the evidence before the Grand Jury *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Kazmarick,* 52 NY2d 322, 326; *People v Del Carpio,* 166 AD2d 605, *lv denied* 76 NY2d 1020). We reject defendant's argument, based upon *People v Dunn* (59 AD2d 647), that the indictment was jurisdictionally defective. Unlike in *Dunn (supra),* County Court did not lack jurisdiction to issue the eavesdropping warrant.

The People assert that defendant entered a plea in August 1990, before the suppression hearing was held, thereby waiv-

ing his right to challenge the suppression court's determination. That assertion is belied by the record, which demonstrates conclusively that defendant participated in the suppression hearing and did not enter a plea of guilty until October 11, 1990, after the suppression court issued its decision. Thus, defendant has preserved his challenge to the suppression court's decision (CPL 710.70 [2]). This Court has already determined that the eavesdropping warrant was illegally obtained *(see, People v Candella,* 171 AD2d 329). Consequently, defendant's plea must be vacated, his suppression motion granted to the extent that any conversations to which defendant was a party must be suppressed *(see, People v Edelstein,* 54 NY2d 306; *People v Gallina,* 95 AD2d 336), and the matter remitted to Niagara County Court for further proceedings on the indictment. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.