■ In the Matter of HARKNESS APARTMENT OWNERS CORP., Petitioner, v SHEILA ABDUS-SALAAM et al., Respondents. [648 NYS2d 586] —Petition, pursuant to CPLR article 78, seeking, *inter alia,* an order prohibiting respondent Justice from presiding over the trial of this matter, unanimously granted, without costs, to the extent of declaring that said Justice is without jurisdiction to act in respect of this matter and remanding the case to Supreme Court for trial before a different Justice. Respondents' respective cross motions to dismiss the petition are denied.

Upon commencement of the trial of this dispute arising out of the conversion of the subject premises to cooperative ownership, respondent Justice informed the parties that she had previously been employed by the Real Estate Financing Bureau of the Attorney-General's office, the division responsible for reviewing the offering plan. Respondent Justice also disclosed to the parties that she was acquainted with two opposing expert witnesses who formerly held the position of chief of the Real Estate Financing Bureau. Respondent's opposing affidavit states that "counsel discussed the advantage of having a judge knowledgeable about this area of law" and requested that she hear the case. Petitioner's affidavit in support of the petition states that, during the course of the trial, it became evident that respondent Justice had personally reviewed nine amendments to the offering plan, including the fourth amendment, which is at the center of the controversy. By way of order to show cause, petitioner therefore moved for the court's recusal, which application was denied.

Judiciary Law § 14 prohibits a Judge from presiding over any proceeding "in which he has been attorney or counsel". Where a Judge comes within the operation of the statute, jurisdiction may not be conferred by the consent of the parties (*People v Berry,* 23 AD2d 955). In discussing the concern for fairness and integrity in judicial proceedings, the Court of Appeals emphasized that " 'a judge disqualified under a statute cannot act even with the consent of the parties interested, because the law was not designed merely for the protection of the parties to the suit, but for the general interests of justice' " (*Matter of Beer Garden v State Liq. Auth.,* 79 NY2d 266, 278-279, quoting *Matter of City of Rochester,* 208 NY 188, 192).

Within the scope of her duties as an attorney with the Real Estate Financing Bureau, respondent Justice reviewed documents crucial to the underlying complaint and must, therefore, be disqualified under Judiciary Law § 14. To similar effect, the Rules of the Chief Administrator of Courts require recusal of a Judge having personal knowledge of disputed facts (22 NYCRR 100.3 [E] [1] [a] [ii]).

As disqualification under the statute deprives the Judge of jurisdiction (*Wilcox v Supreme Council of Royal Arcanum*, 210 NY 370), all decisions and orders made in the course of the proceeding are null and void (*Matter of Thoms*, 24 AD2d 536), and it is therefore unnecessary to reach petitioner's other contentions. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.