*168 OPINION OF THE COURT
Richard B. Meyer, J.
The defendant, a dispatcher[1] for the Town of Ticonderoga, Essex County, was arrested in January 2006 and charged in town Justice Court with misdemeanor crimes of endangering the welfare of a child (Penal Law § 260.10 [1]), sexual abuse in the third degree (Penal Law § 130.55), and unlawfully dealing with a child in the first degree (Penal Law § 260.20 [1]). Due to the “close working relationship” which up to then had existed between the two town justices and the defendant as a dispatcher, pursuant to CPL 170.15 (3), the justices filed with this court statements of disqualification and the People filed a motion to remove this action to another local criminal court. By an order dated February 24, 2006, this action was removed to the Justice Court in the town of Elizabethtown.
One month later, on March 24, 2006, the Ticonderoga police chief applied in writing to one of the disqualified Ticonderoga town justices for a search warrant of the defendant’s residence for the purpose of securing additional evidence to support the charges against the defendant which were then pending in the Elizabethtown Justice Court. The application was granted and the town justice issued a search warrant which was executed the next day. As a result of the search, numerous items were taken from the defendant’s residence, none of which were used in the subsequent trial of the defendant on those charges.[2] However, a videotape taken from the residence depicting his former wife and a third party in the marital home in January 2002, recorded by means of surveillance equipment without the consent of either party, gave rise to a single-count indictment on October 17, 2006 charging him with the crime of eavesdropping (Penal Law § 250.05), a class E felony.
The defendant filed an omnibus motion seeking, inter alia, a probable cause hearing, suppression of all evidence seized or discovered from execution of the search warrant, and upon such suppression dismissal of the indictment. A probable cause hearing, which also included evidence addressed to other issues affecting the validity of the search warrant, was conducted on April 18, 2007.
*169 The right of each citizen to be free of unreasonable searches and seizures is protected by identical language in both the federal and state constitutions: “The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated.” (US Const 4th Amend; NY Const, art I, § 12.) The warrant requirement “is designed to interpose the detached and independent judgment of a neutral Magistrate between the interested viewpoint of those engaged in ferreting out crime and potential encroachments on the sanctity and privacy of the individual (,Johnson v United States, 333 US 10, 13-14)” (People v Hanlon, 36 NY2d 549, 558 [1975]; see also People v Potwora, 48 NY2d 91 [1979]).
The authority of a local criminal court to issue a search warrant is regulated by statute (CPL 690.05, 690.35 [2]) and is limited “to matters of which the court has jurisdiction” (People v Hickey, 40 NY2d 761, 762 [1976]). The lack of territorial jurisdiction by the issuing court renders a search warrant invalid (see People v Hickey, supra; People v Garrow, 91 AD2d 699 [1982]; People v Dunn, 59 AD2d 647 [1977]). The disqualification of a judge is also jurisdictional (see Casterella v Casterella, 65 AD2d 614 [1978]; Cummings v Christensen, 109 Misc 2d 255 [1981]). In addition to the specific instances in Judiciary Law § 14 mandating judicial disqualification, the integrity of the Judiciary requires a judge to disqualify himself whenever “an appearance of improper judicial interest emerges” (Murray v Murray, 73 AD2d 1015 [1980]).
“The urgency of a particular case is not so much to be regarded as the elevation and honor of courts of justice, whose dignity and purity constitute a main pillar of the state” (Oakley v Aspinwall, 3 NY 547, 550 [1850]).
Here, both town justices were confronted with a sensitive situation, and to ensure that the integrity of the court, as well as their own integrity, were not called into question, they properly disqualified themselves. Such disqualification, one month before application for the search warrant was made, rendered them without jurisdiction to issue the warrant and left the justice courts of the adjoining towns of Crown Point and Schroon as the only possible issuing courts (CPL 690.35 [2] [a] [i]). The search warrant was thus invalid, and the evidence seized from its execution, including the videotape underlying the charge against this defendant, must be suppressed.
Although courts must not engage in a hypertechnical analysis of search warrant applications when determining whether they *170 meet constitutional standards (see People v Edwards, 69 NY2d 814 [1987]; People v Hanlon, 36 NY2d 549, 558 [1975]), courts must also liberally construe the constitutional provisions guaranteeing the cherished right of each citizen against unreasonable searches and seizures.
“[I] Ilegitímate and unconstitutional practices get their first footing ... by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of person and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon. Their motto should be obsta principiis” (Boyd v United States, 116 US 616, 635 [1886]).
Finally, even though the police chief and the issuing justice acted in objectively reasonable good faith, New York does not recognize a good faith exception to the exclusionary rule on state constitutional grounds (People v Bigelow, 66 NY2d 417 [1985]) and the lack of jurisdiction is fatal (People v Hickey, supra; People v Garrow, supra).
The defendant’s motion to suppress all evidence seized in the execution of the search warrant, including but not limited to all videotapes, is in all respects granted, and since the videotape is the sole evidence underlying the eavesdropping charge the indictment must be dismissed. As a result, the remaining issues raised by the defendant need not be reached.

. The defendant’s duties included dispatching for police, fire, ambulance and other municipal services. His supervisor was the chief of police.

. The case was thereafter presented to a grand jury which indicted the defendant on the same misdemeanor charges. Following a jury trial in November 2006, the defendant was convicted of the sexual abuse and endangering charges.