■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL E. ALTERI, Respondent. [850 NYS2d 258]—

Peters, J. Appeal from an order of the County Court of Essex County (Meyer, J.), entered April 26, 2007, which granted defendant's motion to suppress certain evidence.

In January 2006, defendant, an emergency dispatcher for the Town of Ticonderoga, Essex County, was arrested and charged with the crimes of endangering the welfare of a child, sexual abuse in the third degree and unlawfully dealing with a child in the first degree. Pursuant to CPL 170.15 (3), both justices for the Town of Ticonderoga recused and sought transfer of the matter due to the "close working relationship" between their court, its local emergency dispatch and defendant. On February 23, 2006, County Court transferred the action to the Justice Court in the Town of Elizabethtown, Essex County. One month later, the Chief of Police of the Town of Ticonderoga applied to one of the disqualified justices for a search warrant; it was signed and executed on the following day.

While none of the evidence retrieved related to the original charges pending in the Town of Elizabethtown Justice Court, other items gave rise to an additional single-count indictment for the crime of eavesdropping. Defendant filed an omnibus motion seeking, among other things, the suppression of that new evidence. After a hearing regarding the propriety of issuing the search warrant, County Court granted defendant's motion and dismissed the eavesdropping charge. The People appeal.

A statutory disqualification under Judiciary Law § 14 will deprive a judge of jurisdiction (*see Wilcox v Supreme Council of Royal Arcanum*, 210 NY 370, 377 [1914]; *see also Matter of Harkness Apt. Owners Corp. v Abdus-Salaam*, 232 AD2d 309, 310 [1996]) and void any prior action taken by such judge in that case before the recusal (*see People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]; *Matter of Harkness Apt. Owners Corp. v Abdus-Salaam*, 232 AD2d at 310). In fact, " 'a judge disqualified under a statute cannot act even with the consent of the parties interested, because the law was not designed merely for the protection of the parties to the suit, but for the general interests of justice' " (*Matter of Beer Garden v New York State Liq. Auth.*, 79 NY2d 266, 278-279 [1992], quoting *Matter of City of Rochester*, 208 NY 188, 192 [1913]).

Here, it is uncontested that there was no statutory disqualification but a voluntary recusal to avoid the appearance of impropriety. "[W]hen recusal is sought based upon 'impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " (*People v Moreno*, 70 NY2d 403, 406 [1987], quoting *People v Patrick*, 183 NY 52, 54 [1905]). Even though such determination will not deprive a judge of jurisdiction (*see Matter of Fitzgerald v Wells*, 9 AD2d 812, 812 [1959], *lv denied* 7 NY2d 711 [1960], *appeal dismissed* 9 NY2d 864 [1961]), the analysis is not so abrupt. While "[a] search warrant is a process of the court" (*People v Hickey*, 40 NY2d 761, 762 [1976]; *see* CPL 690.05 [2]) and a local court may properly issue such warrant when it has geographic, but not, necessarily, trial jurisdiction (*see People v Hickey*, 40 NY2d at 762-763; *People v Epstein*, 47 AD2d 661, 661-662 [1975]), a fundamental constitutional requirement of a valid search warrant is that it be issued by a neutral, detached magistrate (*see People v Bilsky*, 95 NY2d 172, 177 [2000]; *People v Potwora*, 48 NY2d 91, 94 [1979]). In light of the voluntary recusal of the Town of Ticonderoga justices to avoid impropriety, we cannot conclude that the review and signing of the warrant by one of such justices met the constitutional imprimatur of having been issued by a neutral and detached magistrate. For this reason, we find that the warrant was improperly issued and that all evidence resulting therefrom was properly suppressed.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed.