People v Rosario (2019 NY Slip Op 01679)





People v Rosario


2019 NY Slip Op 01679


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

109148

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANGEL ROSARIO, Appellant.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal, by permission, from an order of the Supreme Court (Schick, J.), entered January 31, 2017 in Sullivan County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In February 2004, defendant pleaded guilty to course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree and sexual abuse in the first degree in connection with sexual conduct involving three victims between the ages of 5 and 10. The plea agreement called for a cumulative determinate sentence of 18 years, with five years of postrelease supervision, subject to enhancement if defendant failed to cooperate with respect to the presentence report. County Court (LaBuda, J.), finding that defendant failed to cooperate as required, sentenced defendant to an enhanced cumulative term of 25 years in prison, without expressly addressing postrelease supervision. In 2016, County Court denied defendant's CPL 440.10 motion without a hearing. Defendant filed additional papers styled a "CPL 440.10 Reply Motion" before the court's ruling, but the papers were not received before the decision was handed down. Supreme Court (Schick, J.), in turn, treated the reply as an additional CPL 440.10 motion, which the court denied without a hearing. Defendant appeals, by permission, from Supreme Court's order.
Both parties confirmed that Justice Schick previously represented defendant in this very case when he was Chief Assistant and Director of the Legal Aid Panel. Pursuant to Judiciary Law § 14, "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he [or she] . . . has been attorney or counsel." As this statutory disqualification deprived the court of jurisdiction, the order under review is void and the matter must be remitted for review before a different justice (see People v Alteri, 47 AD3d 1070, 1070 [2008]).
Egan Jr., J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the Supreme Court for further proceedings before a different justice.