People v Simcoe (2020 NY Slip Op 01729)





People v Simcoe


2020 NY Slip Op 01729


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


8 KA 18-01039

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS SIMCOE, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Niagara County Court (Matthew J. Murphy, III, J.), entered May 1, 2018. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order that summarily denied his CPL 440.10 motion to vacate a judgment of conviction entered following a nonjury trial in Niagara County Court in 2008. The Judge who denied defendant's motion had been the Niagara County District Attorney when defendant was indicted in 2007 on the charges that resulted in the judgment now sought to be vacated and, in fact, had signed the indictment. Thus, we conclude that the Judge was disqualified from entertaining the motion pursuant to Judiciary Law § 14, which provides in relevant part that "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he [or she] is a party, or in which he [or she] has been attorney or counsel" (emphasis added). Inasmuch as "this statutory disqualification deprived the court of jurisdiction," the order on appeal is void (People v Rosario, 170 AD3d 1275, 1276 [3d Dept 2019]; see People v Alteri, 47 AD3d 1070, 1070 [3d Dept 2008]; see also People v Wright, 16 AD2d 743, 743 [4th Dept 1962]). We therefore reverse the order and remit the matter to County Court for further proceedings on the motion before a different judge (see People v Fardan, 49 AD3d 1304, 1305 [4th Dept 2008]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court