Matter of Buck (2024 NY Slip Op 01442)

Matter of Buck

2024 NY Slip Op 01442

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

804.1CA 23-01365

[*1]IN THE MATTER OF THE ESTATE OF KATHRYN W. BUCK, DECEASED. RICHARD M. BUCK, III, PETITIONER-APPELLANT. (PROCEEDING NO. 1.)
JOSEPH J. TIMPANO, TEMPORARY ADMINISTRATOR OF THE ESTATE OF KATHRYN W. BUCK, DECEASED, PETITIONER-RESPONDENT. (PROCEEDING NO. 2.)
RICHARD M. BUCK CONSTRUCTION CORPORATION, PETITIONER, STEVEN G. BUCK AND BUCK CONSTRUCTION LLC, INTERESTED PARTIES-APPELLANTS. (PROCEEDING NO. 3.) 

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), AND LAW OFFICES OF DONALD R. GERACE, UTICA, FOR INTERESTED PARTIES-APPELLANTS AND PETITIONER-APPELLANT. 
STEATES REMMELL STEATES & DZIEKAN, UTICA (F. PAUL STEATES OF COUNSEL), FOR PETITIONER-RESPONDENT JOSEPH J. TIMPANO, TEMPORARY ADMINISTRATOR OF THE ESTATE OF KATHRYN W. BUCK, DECEASED. 
THE LAW OFFICE OF KEVIN G. MARTIN, P.C., UTICA (KEVIN G. MARTIN OF COUNSEL), GOLDBAS & LAREAUX, AND GETNICK LIVINGSTON ATKINSON & PRIORE, LLC, FOR INTERESTED PARTIES-RESPONDENTS MICHAEL G. BUCK, LISA BUCK POTTER AND KIMBERLY BUCK DIMICK. 

 Appeals from an order of the Surrogate's Court, Oneida County (Louis P. Gigliotti, S.), entered August 10, 2023. The order denied the cross-motion of Richard M. Buck, III, Steven G. Buck and Buck Construction LLC for recusal. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this contested probate proceeding, appellants appeal from an order of Surrogate's Court denying their posttrial cross-motion seeking recusal of the Surrogate. We affirm.
Appellants contend that recusal was required pursuant to Judiciary Law § 14. We reject that contention. Section 14 provides, in relevant part, that "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree." That provision is jurisdictional and therefore parties may not consent to allow a judge to sit on a case where disqualification is required under the statute (see Matter of Beer Garden v New York State Liq. Auth., 79 NY2d 266, 278-279 [1992]; Matter of Harkness Apt. Owners Corp. v Abdus-Salaam, 232 AD2d 309, 309-310 [1st Dept 1996]; Casterella v Casterella, 65 AD2d 614, 615 [2d Dept 1978], appeal dismissed 46 NY2d 939 [1979]). Based on its plain language, section 14 [*2]is inapplicable here inasmuch as the Surrogate was not a party or an attorney with respect to the probate proceeding, nor did he have any relation to a party or an interest in the outcome (see Schreiber-Cross v State of New York, 31 AD3d 425, 425 [2d Dept 2006]).
We also reject appellants' contention that recusal was required pursuant to 22 NYCRR 100.3 (E) (1) (a) (ii), which provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . the judge has personal knowledge of disputed evidentiary facts concerning the proceeding." However, "a party's unsubstantiated allegations of bias are insufficient to require recusal" (Tripi v Alabiso, 189 AD3d 2060, 2061 [4th Dept 2020] [internal quotation marks omitted]). Here, the issue before the Surrogate was the testamentary capacity of the decedent at the time she executed her will, not her mental status at the time the Surrogate represented her in unrelated litigation, which occurred years earlier and was not the subject of dispute during the probate proceeding (see id.).
Appellants further contend that the Surrogate should have recused himself to avoid the appearance of impropriety generally. We reject that contention. "Absent a legal disqualification, . . . a Judge is generally the sole arbiter of recusal" (Matter of Murphy, 82 NY2d 491, 495 [1993]), and "a court's recusal decision will not be overturned absent an abuse of discretion" (Matter of Indigo S. [Rajea S.T.], 213 AD3d 1205, 1205 [4th Dept 2023], citing, inter alia, People v Moreno, 70 NY2d 403, 405-406 [1987]). Based on our review of the record, we conclude that none of the reasons proffered by appellants concerning the alleged appearance of impropriety, "either alone or in combination, suggested any judicial bias that would warrant recusal" (Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466 [2d Dept 2006]; see Tripi, 189 AD3d at 2062).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court